EL VOCERO DE PUERTO RICO ET AL. *v.* PUERTO
RICO ET AL.

No. 92–949.   Decided May 17, 1993

PER CURIAM.

Under the Puerto Rico Rules of Criminal Procedure, an accused felon is entitled to a hearing to determine if he shall be held for trial. P. R. Laws Ann., Tit. 34, App. II, Rule 23 (1991). A neutral magistrate presides over the hearing, *People* v. *Opio Opio*, 104 P. R. R. (4 Official Translations 231, 239) (1975), for which the defendant has the rights to appear and to counsel, Rules 23(a), (b). Both the prosecution and the defendant may introduce evidence and cross-examine witnesses, Rule 23(c), and the defendant may present certain affirmative defenses, *People* v. *Lebrón Lebrón*, 116 P. R. R. (16 Official Translations 1052, 1058) (1986). The magistrate must determine whether there is probable cause to believe that the defendant committed the offense charged. Rule 23(c) provides that the hearing "shall be held privately" unless the defendant requests otherwise.

Petitioner José Purcell is a reporter for petitioner *El Vocero de Puerto Rico*, the largest newspaper in the Commonwealth. By written request to respondent District Judges, he sought to attend preliminary hearings over which they were to preside. In the alternative, he sought access to recordings of the hearings. After these requests were denied, petitioners brought this action in Puerto Rico Superior Court seeking a declaration that the privacy provision of Rule 23(c) violates the First Amendment, applicable to the Commonwealth through the Fourteenth Amendment,[1] and an injunction against its enforcement. Petitioners based their claim on *Press-Enterprise Co.* v. *Superior Court of Cal., County of Riverside*, 478 U. S. 1 (1986), which addressed a California law that allowed magistrates to close preliminary hearings quite similar in form and function to those held under Rule 23 if it was reasonably likely that the

---

[1] The Free Speech Clause of the First Amendment fully applies to Puerto Rico. *Posadas de Puerto Rico Associates* v. *Tourism Co. of Puerto Rico*, 478 U. S. 328, 331, n. 1 (1986).

defendant's ability to obtain a fair hearing would be prejudiced. *Id.*, at 12, 14. Applying the "tests of experience and logic," *id.*, at 9, of *Globe Newspaper Co.* v. *Superior Court of County of Norfolk*, 457 U. S. 596 (1982), *Press-Enterprise* struck down the California privacy law on the grounds that preliminary criminal hearings have traditionally been public, and because the hearings at issue were "sufficiently like a trial," 478 U. S., at 12, that public access was "essential to the[ir] proper functioning," *ibid.*

In affirming the dismissal of petitioners' suit, a divided Supreme Court of Puerto Rico found that *Press-Enterprise* did not control the outcome because of several differences between Rule 23 hearings and the California hearings at issue there. App. to Pet. for Cert. 129.[2] It thus proceeded to determine the constitutionality of Rule 23 hearings by application anew of the *Globe Newspaper* tests. The court concluded that closed hearings are compatible with the unique history and traditions of the Commonwealth, which display a special concern for the honor and reputation of the citizenry, and that open hearings would prejudice defendants' ability to obtain fair trials because of Puerto Rico's small size and dense population.

The decision below is irreconcilable with *Press-Enterprise:* for precisely the reasons stated in that decision, the privacy provision of Rule 23(c) is unconstitutional.[3] The distinctions drawn by the court below are insubstantial. In fact, *each* of the features cited by *Press-Enterprise* in support of the finding that California's preliminary hearings were "suffi-

---

[2] Specifically, the court addressed the Commonwealth's burden of proof, the rules governing the parties' access to, and presentation of, certain evidence, the fact that an indictment follows, rather than precedes, the preliminary hearing, and the ability of the prosecution to present the matter *de novo* before a higher court in cases where the magistrate finds no probable cause. App. to Pet. for Cert. 112–129.

[3] The Court of Appeals for the First Circuit has since found this provision unconstitutional. See *Rivera-Puig* v. *Garcia-Rosario*, 983 F. 2d 311 (1992).

ciently like a trial" to require public access is present here. Rule 23 hearings are held before a neutral magistrate; the accused is afforded the rights to counsel, to cross-examination, to present testimony, and, at least in some instances, to suppress illegally seized evidence;[4] the accused is bound over for trial only upon the magistrate's finding probable cause; in a substantial portion of criminal cases, the hearing provides the only occasion for public observation of the criminal justice system;[5] and no jury is present. Cf. 478 U. S., at 12–13.

Nor are these commonalities coincidental: As the majority noted, the Rule's drafters relied on the California law at issue in *Press-Enterprise* as one source of Rule 23. App. to Pet. for Cert. 93, n. 26. At best, the distinctive features of Puerto Rico's preliminary hearing render it a subspecies of the provision this Court found to be infirm seven years ago. Beyond this, however, the privacy provision of Rule 23(c) is more clearly suspect. California law allowed magistrates to close hearings only upon a determination that there was a substantial likelihood of prejudice to the defendant, yet the *Press-Enterprise* Court found this standard insufficiently exacting to protect public access. 478 U. S., at 14–15. By contrast, Rule 23 provides no standard, allowing hearings to be closed upon the request of the defendant, without more.

The Puerto Rico Supreme Court's reliance on Puerto Rican tradition is also misplaced. As the Court of Appeals for the First Circuit has correctly stated, the "experience" test of *Globe Newspaper* does not look to the particular practice of any one jurisdiction, but instead "to the experience in that *type* or *kind* of hearing throughout the United States . . . ." *Rivera-Puig* v. *Garcia-Rosario*, 983 F. 2d 311, 323 (1992) (emphasis in original). The established and widespread tradition of open preliminary hearings among the

---

[4] The admissibility of illegally seized evidence apparently is an open question in Puerto Rico law. See App. to Pet. for Cert. 107.

[5] See *id.*, at 204–205 (Hernández Denton, J., dissenting).

States was canvassed in *Press-Enterprise* and is controlling here. 478 U. S., at 10–11, and nn. 3–4.

The concern of the majority below that publicity will prejudice defendants' fair trial rights is, of course, legitimate. But this concern can and must be addressed on a case-by-case basis:

> "If the interest asserted is the right of the accused to a fair trial, the preliminary hearing shall be closed only if specific findings are made demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Id.,* at 14.

The petition for certiorari is granted and the judgment of the Supreme Court of Puerto Rico is

*Reversed.*