Segarra Olivero, Juez Ponente ■
*1447 TEXTO COMPLETO DE LA SENTENCIA
La peticionaria Adalys Ortiz Pagan acude ante nos mediante petición de certiorari solicitando se revoque resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Aibonito, (Hon. Aurelio Gracia Morales, J.), declarando "No Ha Lugar" una moción instada al amparo de la Regla 64 (p) de Procedimiento Criminal, 34 L.P.R.A. Ap IIR. 64.
Este recurso nos presenta la siguiente interrogante: ¿cuál es el alcance y extensión del derecho que la Regla 23 de las de Procedimiento Criminal, 34 L.P.R.A. Ap.II, R 23, reconoce al imputado en la vista preliminar a ofrecer prueba a su favor y a contrainterrogar los testigos de cargo?
Antes de considerar los señalamientos de derecho contenidos en los escritos presentados por las partes, reseñemos brevemente el trasfondo fáctico y procesal del presente recurso.
I
Entre los días 4 y 23 de mayo de 1995, se celebró contra la acusada-peticionaria Adalys Ortiz Pagán una vista preliminar por la alegada comisión de los siguientes delitos graves: amenaza a testigos, dos cargos por apropiación ilegal agravada, falsificación de documentos, y comercio ilegal de vehículos y piezas. Se encontró causa probable para acusar a la peticionaria por los referidos delitos. El 23 de agosto de 1995, la peticionaria inconforme con dicha determinación radicó moción de desestimación de la acusación, alegando que no se había determinado causa probable para acusar con arreglo a la ley y al derecho, consistente ello en que el magistrado que presidió la vista preliminar le negó a la imputada su derecho a contrainterrogar los testigos de cargo, desfilar prueba a su favor y a testificar por sí. El Ministerio Público presentó por escrito su oposición a dicha solicitud.
El 13 de noviembre de 1995, el magistrado declaró "No ha Lugar" la solicitud de desestimación basando su decisión en la norma de que no se trataba de un caso de ausencia total de prueba. En adición, dispuso que en esa etapa de los procedimientos no podía sustituir el criterio del juez que presidió que determinó causa probable en la vista preliminar. De esta Resolución acude ante nos la peticionaria solicitando su revocación. En su escrito reproduce esencialmente los errores señalados en su moción de desestimación y los cuales discutiremos detalladamente más adelante. Pasemos a exponer lo ocurrido en la vista preliminar de manera que estemos en mejor posición de resolver si la determinación de causa probable para acusar fue realizada "con arreglo a la ley y al derecho". 
El primer testigo de cargo fue Edgardo Rodríguez Colón, quien declaró que le había comprado a la acusada un automóvil el 17 de enero de 1994 en Barranquitas, con el dinero obtenido de un certificado de ahorros que tenía en la Cooperativa de Barranquitas. El segundo testigo fue el policía Quiles, quien manifestó que la acusada-peticionaria había presentado una querella por agresión agravada grave en el cuartel de Barranquitas contra la Sra. Awilda Cmz Martínez. Que luego de presentada la querella, éste inició una investigación y citó a la señora Cruz. Que ésta ofreció la versión de que la peticionaria Adalys Ortiz la había amenazado para que no declarara sobre unos hechos que la involucraban con el hurto del automóvil que había vendido. Por estos hechos, el policía Quiles presentó los cargos antes reseñados contra la aquí peticionaria, y por los cuales se halló causa probable para acusar.
Posteriormente, declaró Edgardo Rodríguez, padre del joven quien alegadamente le compró el vehículo a la acusada, quien también figuraba como testigo de cargo. Este dijo que él y su hijo habían *1448 retirado del certificado de ahorros de la Cooperativa de Barranquitas la cantidad de $6,000.00 dólares, y que dicho dinero había sido entregado a la acusada el 17 de enero de 1994 en Barranquitas, a eso de las siete de la noche.
Como cuarto y último testigo declaró Awilda Cruz Martínez. Esta indicó que ella y la acusada compartían la misma residencia. Manifestó que en varias ocasiones había escuchado a la acusada cuando realizaba llamadas telefónicas desde su residencia, en las cuales ofrecía en venta vehículos supuestamente robados. También señaló que la acusada la había amenazado si ésta entregaba las facturas telefónicas que evidenciaban la realización de esas llamadas.
La peticionaria en su escrito nos señala que en la vista preliminar no se le permitió ofrecer prueba para refutar lo declarado por los testigos de cargo. La defensa contaba con el testimonio de un oficial de la Cooperativa de Barranquitas, que declararía que del certificado de ahorro que poseía el testigo Edgardo Rodríguez Colón en dicha Cooperativa, nunca se retiraron los alegados $6,000.00 dólares para la compra del auto, y que todavía a la fecha de la celebración de la vista preliminar no se había retirado dicha suma. La defensa también anunció que presentaría prueba —que estaba disponible en sala — ■ que demostraría que en el día y en la hora de la alegada venta del vehículo, la acusada se encontraba en el área metropolitana. Dicha prueba iba encaminada a rebatir lo manifestado por el testigo Edgardo Rodríguez Colón y su padre.
La defensa arguye que el juez instructor no le permitió contrainterrogar a la testigo Awilda Cruz sobre la falsedad de sus manifestaciones y de los motivos que tenía para haberlas hecho, y que no se le permitió presentar testigos que refutarían su declaración. La defensa contaba con el testimonio de testigos, compañeros de trabajo de Awilda Cruz, quienes habían sido citados y se encontraban presentes durante la celebración de la vista preliminar, que podían establecer que en las fechas y horas en que se efectuaron las alegadas llamadas telefónicas desde su residencia, ésta se encontraba trabagando en el Hospital San Pablo en Bayamón.
Aduce la peticionaria que tampoco se le permitió presentar el testimonio de un oficial de la Telefónica de Puerto Rico, que establecería que muchas de las alegadas llamadas telefónicas nunca se hicieron. El oficial de la Telefónica también declararía que la señora Cruz llamaba frecuentemente a la acusada, en ocasiones hasta treinta veces al día. La defensa alega que también ofreció el testimonio de la acusada, para aclarar los motivos que tenía la testigo Cruz para haberle fabricado los casos y para demostrar la falsedad de lo manifestado por ésta en corte. También contaba con la grabación de algunas de las llamadas hechas por aquélla a la peticionaria, en las cuales ésta la amenazaba de muerte y le confesaba que los casos eran fabricados. Esta prueba tampoco fue aceptada por el tribunal.
La peticionaria estima que erró el juez que presidió la vista preliminar, al determinar causa probable para acusar luego de escuchar los testimonios de los testigos de cargo, sin permitirle presentar prueba a su favor, a pesar de que los testigos de la defensa habían sido debidamente citados a comparecer a la vista preliminar y se encontraban presentes durante la celebración de la misma. Además, aduce que el tribunal erró al no entrar a considerar la credibilidad de los testigos presentados por el Ministerio Público en la vista preliminar.
Con la petición de certiorari, presentada el 14 de diciembre de 1995, la peticionaria acompañó moción en auxilio de jurisdicción solicitando la paralización de los procedimientos en el Tribunal de Primera Instancia hasta tanto se resolviera el presente recurso. El 20 de diciembre emitimos resolución ordenando que se elevaran los autos y concedimos al Procurador General término para que expusiera su posición frente al recurso. El Procurador General ha comparecido mediante Escrito en Cumplimiento de Orden.
El Procurador General señala que la peticionaria tuvo oportunidad de contrainterrogar ampliamente a los testigos de cargo durante la vista preliminar. Alega que la peticionaria parece confundir el propósito de la vista preliminar y pretende convertirla en un mini-juicio, posición que ha sido rechazada en innumerables ocasiones por nuestro Tribunal Supremo. Estima el Procurador General que los testigos ofrecidos por la defensa serían utilizados para atacar la credibilidad de los testigos de cargo, cuestión que no debe dilucidarse en la etapa de vista preliminar sino en el juicio, por lo cual no era necesario que se presentara dicha prueba en esa etapa. En adición, sostiene que el criterio *1449 aplicable para resolver una moción de desestimación bajo la Regla 64 (p) de Procedimiento Criminal es el de ausencia total de prueba, por lo que la discreción ejercida por el juez que determinó causa probable para acusar no puede ser revisada a no ser que se demuestre carencia absoluta de prueba tendente a demostrar que probablemente se cometió un delito y que el acusado probablemente lo cometió. Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592, (1972); Pueblo v. Rivera Alicea,_ D.P.R._(1989), 89 J.T.S. 108.
Posteriormente ordenamos la paralización de la vista señalada para el 8 de febrero de 1996 ante el Tribunal de Primera Instancia, Sala Superior de Aibonito, y señalamos vista oral para el martes 13 de febrero de 1996. Ambas partes comparecieron a la referida vista.
Luego de realizar un detenido análisis de la ley y la jurisprudencia aplicable a la situación de autos y contando con el beneficio de la comparecencia oral de las partes, nos encontramos en posición de resolver.
II
La Regla 23 (c) de Procedimiento Criminal, 34 Ap. II, R. 23, gobierna la situación de autos. La misma regula el procedimiento a seguirse durante la vista preliminar y dispone, en lo pertinente, que:

"Si la persona compareciere a la vista preliminar y no renunciare a ella, el magistrado deberá oír la prueba...

La persona podrá contrainterrogar a los testigos en su contra y ofrecer prueba a su favor. El fiscal podrá estar presente en la vista y podrá también interrogar y contrainterrogar a todos los testigos y ofrecer otra prueba. Al ser requerido para ello el fiscal pondrá a disposición de la persona las declaraciones juradas que tuviere en su poder de los testigos que haya puesto a declarar en la vista. Si ajuicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado detendrá inmediatamente a la persona para que responda por la comisión de un delito ante la sección y sala correspondientes del Tribunal de Primera Instancia; de lo contrario exonerará a la persona y ordenará que sea puesta en libertad..." (Enfasis Nuestro.)
La vista preliminar es un procedimiento de naturaleza estatutaria que no procede de disposición constitucional alguna. Reiteradamente se ha expuesto que su propósito principal es evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal y evitar y prevenir procedimientos ulteriores innecesarios. Pueblo v. Ocasio,_D.P.R._(1995), 95 J.T.S. 122; El Vocero v. E.L.A.,_D.P.R._(1992), 92 J.T.S. 108; Pueblo v. Baez,_D.P.R._91 JTS 102, (1991); Pueblo v. Rivera Alicea,_D.P.R._(1989); 89 J.T.S. 108; Pueblo v. González, 120 D.P.R. 684 (1988); Pueblo v. Rodríguez Aponte, supra; Pueblo v. Opio Opio, 102 D.P.R. 279 (1975); Pueblo v. Figueroa Castro, 102 D.P.R. 279 (1974); Pueblo v. López Camacho, 98 D.P.R. 700, 702 (1970). Para que un juez instructor pueda formar su juicio en una vista preliminar sobre la existencia de causa probable, tal determinación, para que se haga conforme a la ley y al derecho, debe estar basada en prueba que le lleve a creer que probablemente se cometió un delito y que fue probablemente el imputado quien lo cometió. Vázquez Rosado v. Tribunal Superior, supra, a las págs. 594-95. El grado de prueba necesario para hacer una determinación de causa probable es aquella que convenza al tribunal de la razonábilidad de exponer a una persona imputada de delito a los rigores de un juicio criminal. Hernández Ortega v. Tribunal, 102 D.P.R. 765, 769 (1974).
Sabido es que para probar la existencia de causa probable el fiscal no viene obligado a presentar toda la prueba de que dispone ni tiene que probar la culpabilidad del acusado más allá de toda duda razonable. Pueblo v. Vélez Pumarejo, 113 D.P.R. 349, 355 (1982); Pueblo v. Figueroa Castro, 102 D.P.R. 279, (1974). La vista preliminar, no es ni debe convertirse en un "mini-juiciotodo lo que se requiere para determinar que existe causa probable para acusar es presentar una prueba que establezca prima facie, que probablemente se cometió el delito imputado y que el imputado fue quien probablemente lo cometió. Una vez el fiscal demuestra esto, se ha establecido, que el juez instructor no tiene que continuar escuchando prueba. Vocero v. E.L.A.,_D.P.R._(1992), 92 J.T.S. 108, a la pág. 9844. 
*1450 Por su parte, el imputado de delito tiene un derecho limitado por la discreción del magistrado, a contrainterrogar a los testigos de cargo e, incluso, a presentar prueba de defensa que derrote la probabilidad de su vinculación con el delito como autor del mismo. Pueblo v. Rivera Rodríguez,_ D.P.R._(1995), 95 J.T.S. 36, a la pág. 746; Vocero v. E.L.A., supra, a la pág. 9844; Pueblo v. Vélez Pumarejo, supra, a la pág. 354.
El Tribunal Supremo mediante sentencia sin opinión, en Pueblo v. Cruz Bayona, 124 D.P.R. 568 (1989), presentó la posición de que el tribunal está autorizado a regular razonablemente el contrainterrogatorio de la defensa a los testigos de cargo en la vista preliminar, máxime cuando ya el magistrado había arribado al convencimiento judicial de que la prueba presentada por el Ministerio Público era suficiente en esta etapa para encontrar causa probable. En lo que concierne a este aspecto La Profesora Resumil ha expresado lo siguiente:
"A propósito del derecho a contrainterrogar a los testigos de cargo, se expresó en Pueblo v. Cruz Bayona, que el alcance del interrogatorio y contrainterrogatorio en la vista preliminar no es ilimitado. Una vez se ha convencido de la existencia de causa probable a base de la prueba presentada por el fiscal, el magistrado puede reglamentar la presentación de prueba de defensa." (Escolios omitidos.) Olga Elena Resumil de Sanfilippo, Derecho Procesal Penal, Práctica Jurídica.
En Hernández Ortega v. Tribunal Superior, supra, nuestro más alto foro, permitió que en la vista preliminar se presentara la defensa afirmativa de locura y se ofreciera prueba a tales efectos. En Pueblo v. Rodríguez Aponte, supra, a la pág. 668, señaló que el derecho que le reconoce la Regla 23 de Procedimiento Criminal al imputado de delito a "ofrecer prueba en su favor" en la vista preliminar no es irrestricto. Allí se estableció que no es de aplicación a la vista preliminar la presunción establecida en la Regla 16 (5) de Evidencia, 32 L.P.R.A. Ap. IV R 16 (5) y que el fiscal no está obligado a poner a disposición de la defensa las declaraciones juradas de testigos de cargo anunciados, pero no utilizados en la vista preliminar. Como excepción a esta norma, expresó que la defensa puede justificar la necesidad de acceso a tales declaraciones y al testimonio de los testigos de cargo: "Cuando en la vista preliminar un imputado reclame un testigo consignado al dorso de la denuncia como testigo de cargo, deberá hacer una demostración prima facie de que ese testigo pueda aportar prueba exculpatoria que razonablemente y con toda probabilidad derrotaría la estimación de causa probable para acusar". (Escolios omitidos.) Id., a la pág. 669.
Entendemos que esta excepción es de aplicación al caso de autos, aun cuando se trata del derecho del imputado a ofrecer prueba a su favor consistente en testigos suyos y no a obtener acceso a declaraciones y testimonios de los testigos de cargo. Debemos acato al pronunciamiento de nuestro más alto foro de que la vista preliminar no es ni debe convertirse en un mini juicio y que el derecho del imputado en esta etapa a presentar pmeba a su favor y a contrainterrogar los testigos de cargo no es uno ilimitado irrestricto, ya que el mismo está sujeto a la discreción del magistrado que preside la vista.
Si bien es cierto que el derecho del imputado a presentar prueba a su favor no es ilimitado, no menos cierto es que tampoco es irrestrica la facultad de un tribunal para ejercitar su discreción para impedir que el imputado presente pmeba a su favor.
Ningún Tribunal de Justicia posee discreción absoluta. Pueblo v. Marrero,_D.P.R._(1990), 90 J.T.S. 1. En nuestro País no existe, en el ámbito jurídico constitucional, el concepto aberrante de discreción absoluta. En nuestro sistema de derecho la discreción está siempre remitida a la razonabilidad, la sensatez y el buen juicio. Por eso es que con tanta frecuencia nuestras leyes, nuestros comentaristas, y nuestra jurisprudencia nos la presentan acompañada con el vocablo "sana". Véase, por ejemplo, los siguientes casos: Pueblo v. Santiago Alicea,_D.P.R._(1995) 95 J.T.S. 45; H.M.C.A. (P.R.) Inc. v. Colón Carlo, _D.P.R._, (1993), 93 J.T.S. 112; Parrilla v. Airport Catering Services, _D.P.R._(1993) 93 J.T.S. 66; Pueblo v. Ortiz Delgado, _D.P.R._ Pueblo v. Ortega Santiago,_D.P.R._(1993) 93 J.T.S. 66; Pueblo v. Ortiz Delgado, 90 J.T.S. 86; (1990) 90 J.T.S. 12; González v. Bourns Puerto Rico, Inc.,_D.P.R._(1989), 89 J.T.S. 107.
En Pueblo v. Ortiz Delgado,_D.P.R._(1990), 90 J.T.S. 12, nuestro más alto foro enunció que "Discreción, naturalmente, significa tener poder para decidir en una u otra forma, esto es, para *1451 escoger entre uno o varios cursos de acción. En el ámbito judicial, sin embargo, el mencionado concepto "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho,." Pueblo v. Sánchez González, 90 D.P.R. 197, (1964). (Enfasis suplido.) No resulta fácil precisar cuando un tribunal de justicia incurre en un abuso de discreción. No tenemos duda, sin embargo, de que el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. Como expresáramos en Sánchez González, ante, discreción "....es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera....". (Enfasis suplido.)
En Pueblo v. González Malavé, 116 D.P.R. 578, 588 (1985), se expresó muy atinadamente: "Para el jurisprudente, el concepto discreción, aun con referencia a una potestad de abolengo constitucional que no está específicamente reglada, necesariamente ha de nutrirse de un juicio racional apoyado en la razonabilidad y fundamento en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna. Como fuente integral del proceso de decisión que contribuye a dar sentido a la ley y a concretar en la realidad derechos individuales y colectivos, el uso por excelencia de un poder discrecional, intenta establecer un balance moral entre los polos opuestos en que se debaten algunas de las controversias humanas: el bien y el mal; la juridicidad y la violencia; la legalidad aparente y la ventaja indebida; lo prudente y lo irrazonable; la paridad y la desigualdad; lo espiritual y lo material; lo racional y lo pasional; y, la opresión y la libertad." (Enfasis suplido.) Santa Aponte v. Srio. del Senado, 105 D.P.R. 750, 770 (1977).
De manera que es tarea inaplazable que escudriñemos la situación ante el Tribunal de Primera Instancia, para evaluar en su justa perspectiva la verdadera naturaleza del ejercicio de discreción que impidió la presentación de prueba a favor de la recurrente. Es preciso destacar que si el propósito de permitir que en la vista preliminar se ofrezca prueba de defensa es derrotar la probabilidad de la comisión del delito por el imputado, no tiene sentido que atendidos los hechos particulares del caso ante nos, no se le permita a la defensa presentar pmeba a estos efectos.
Este caso presenta unas circunstancias especiales que ameritan se le permita a la imputada presentar prueba a su favor en la vista preliminar, ya que ésta hizo una demostración prima facie de que la prueba ofrecida con toda probabilidad derrotaría la determinación de causa probable para acusar.
La peticionaria hizo un ofrecimiento de prueba contundente consistente en: testimonio de un oficial de la compañía telefónica que establecería que muchas de las llamadas telefónicas nunca se hicieron y récords de la compañía que establecerían que la testigo Awilda Cruz llamaba frecuentemente a la acusada, en ocasiones hasta treinta (30) veces al día; testigos del lugar de trabajo de la testigo Awilda Cruz que declararían que en las fechas y horas que aparecen en las facturas del teléfono de la residencia, ella se encontraba trabajando en el Hospital San Pablo de Bayamón; testimonio de un oficial de la Cooperativa de Barranquitas que declararía que del certificado de ahorro que poseía el testigo Edgardo Rodríguez Colón en dicha Cooperativa, nunca se retiraron lo alegados $6,000.00 para la compra del auto y que a la fecha de la vista preliminar todavía no se había retirado dicha suma; prueba que demostraría que en el día y hora de la alegada venta del vehículo, la imputada se encontraba en el área metropolitana; prueba tendente a establecer que los casos habían sido fabricados, y que podría derrotar la probabilidad de que se hubiesen cometido los delitos imputados y de que la peticionaria hubiese cometido los mismos. 
La Regla 23 de Procedimiento Criminal no puede examinarse en el vacío. Hay que atemperarla a las circunstancias especiales de cada caso, de manera que se pueda cumplir cabalmente el propósito primordial de la vista preliminar de evitar someter a un ciudadano en forma arbitraria e injustificada a los rigores de un procedimiento criminal. El derecho que establece la Regla 23 de Procedimiento Criminal no puede ser limitado de tal manera por el juez instructor que haga prácticamente inútil para el imputado tratar de controvertir el criterio de probabilidades en que se basa la determinación de causa probable. Si sólo bastara con la prueba presentada por el Ministerio Público para determinar causa probable para acusar en un caso como el que nos ocupa, la disposición contenida en la Regla 23 (c) de Procedimiento Criminal de que "la persona podrá contrainterrogar a los testigos en su contra y ofrecer prueba a su favor" carecería totalmente de sentido.
*1452 ni
La Regia 64 (p) de las de Procedimiento Criminal establece que el imputado de delito podrá solicitar la desestimación de la acusación contra él radicada por el fundamento de que:
"... se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y al derecho."
El acusado de delito puede atacar la determinación de causa probable, hecha en la vista preliminar o en la vista preliminar en alzada, y producir prueba en contrario a la presunción de corrección de la que goza la determinación de causa probable, Rabell Martínez v. Tribunal Superior, 101 D.P.R. 796, 799 (1973), si el Ministerio Público no descarga cabalmente su deber de demostrar que probablemente se cometió el delito imputado o, que el acusado probablemente lo cometió. Pueblo v. Rivera Alicea, supra; Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592, 594-95 (1972).
Es doctrina firmemente establecida por nuestro Tribunal Supremo que únicamente procederá declarar con lugar la desestimación de una acusación al amparo de la referida Regla 64 (p) cuando exista ausencia total de prueba que tienda a demostrar que se ha cometido el delito imputado, o que el acusado lo cometió. Ello incluye la situación en que exista una ausencia total de prueba sobre alguno, varios o todos los elementos del delito imputado o la conexión del acusado con el delito. Pueblo v. Ocasio, supra; Pueblo v. Rodríguez Ríos, supra; Pueblo v. Rivera Alicea, supra; Vázquez Rosado v. Tribunal Superior, supra.
El análisis adecuado, para resolver una moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal, requiere examinar la prueba de cargo y defensa vertida en la vista preliminar y la producida por el imputado durante la vista de desestimación. Pueblo v. Rivera Alicea, supra. ¿A cuál prueba de "defensa vertida en la vista preliminar", se refiere nuestro más alto foro cuando al imputado se le impide y prohibe la presentación de prueba alguna, no empece su amplio ofrecimiento? ¿A cuál prueba a su favor se refiere la Regla 23? Luego de analizar detenidamente la prueba ofrecida por la defensa en la vista preliminar, entendemos que es aquella que derrote la probabilidad de la vinculación de la acusada-peticionaria con los delitos imputados. Pueblo v. Rivera,_D.P.R._ (1995), 95 J.T.S. 36; Vocero v. E.L.A., supra, a la pág. 9844; Pueblo v. Vélez Pumarejo, supra, a la pág. 354. Erró el hermano Juez que presidió la vista preliminar al negarse a que la peticionaria presentara dicha prueba.
Una determinación de causa probable realizada en una vista preliminar en la cual se restringe irrazonablemente el derecho que tiene la imputada de delito de "ofrecer prueba a su favor" no puede prevalecer, ya que no ha sido efectuada con "arreglo a la ley y al derecho", particularmente en la situación de autos en que la prueba ofrecida por la imputada, pero no aceptada por el Tribunal de Primera Instancia, serviría para derrotar la probabilidad de que la imputada haya cometido delito alguno, y en su consecuencia, evitar que sea sometida arbitraria e injustificadamente a los rigores de un proceso criminal, con la funesta y desvastadora secuela que ello acarrea para cualquier ser humano.
Bajo las circunstancias concurrentes reseñadas, la prueba presentada por el Ministerio Público disfruta de una existencia artificial que le insufló la negativa rotunda a que la defensa presentara la prueba ofrecida y disponible durante la vista. Es inescapable, pues, que a esa vida artificial de la prueba de cargo no se le confiera un rango superior a la ausencia total de prueba y, por consiguiente, es forzoso concluir que no se determinó causa probable con arreglo a la ley y el derecho de conformidad con la Regla 64 (p).
IV
Por todo lo. anteriormente expuesto, se expide el auto, se revoca la resolución recurrida que declaró sin lugar la moción de desestimación, y se devuelve el caso para que se celebre una nueva vista preliminar conforme con los principios expuestos en esta opinión.
Así lo resolvió y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
*1453 Secretaria General
ESCOLIOS 96DTA35
1. Artículo 239 (A) del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4272.
2. Artículo 166 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4435 (a).
3. Artículo 275 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4595.
4. Artículo 15 de la Ley Núm. 8 de 5 de agosto de 1987,9 L.P.R.A. sec. 3214.
5. Esta relación de los hechos ocurridos en la vista preliminar surge de nuestra recopilación de la información provista en la petición de certiorari de la peticionaria, del escrito en cumplimiento de orden presentado por el Procurador General, y de la información aportada en la vista oral que celebramos el 13 de febrero de 1996.
6. En la vista oral celebrada por este Tribunal el 13 de febrero de 1996, el abogado de la peticionaria aclaró que éste no había ofrecido el testimonio de la imputada en la vista preliminar, pero que sí tenía la intención de sentarla a declarar, ya que ésta se encontraba presente en sala.
7. Sobre este asunto el Tribunal Supremo de Puerto Rico ha expresado que: "Por la naturaleza de la vista preliminar, la evaluación del magistrado sobre la credibilidad de los testigos, está supeditada al quántum de la prueba requerida en esta etapa procesal". Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 664 (1985). El Profesor Chiesa ha expuesto su opinión con relación a este punto: "El magistrado en vista preliminar, sólo puede considerar la credibilidad de un testigo como base para determinar que no hay causa probable cuando el testimonio es increíble o no plausible". Ernesto Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1993, Vol. III, pág. 93. Por su parte, el Juez Hiram A. Sánchez Martínez entiende que: "La credibilidad de los testigos no se discute en la vista preliminar. La vista no es un juicio y la exoneración de un acusado a base de la credibilidad que ofrezca al juez de la prueba presentada, es algo que compete a un juicio en sus méritos". Hiram A. Sánchez Martínez, Sumario de Vista Preliminar, Instituto de Estudios Judiciales, agosto 1994, a la pág. 9.
8. N. Frattallone Di Gangi, La Vista Preliminar, 63 Rev. Der. Puertorriqueño 232 (1977).
9. Este caso fue posteriormente revocado por otros motivos por el Tribunal Supremo de Estados Unidos,_ U.S._, 113 S.Ct. 2004 (1993).
10. La prueba a que hacemos alusión fue citada por orden del Juez Administrador de la región judicial y estuvo presente y bajo las reglas del tribunal, durante toda la vista preliminar.