# United States Court of Appeals
## For the First Circuit

No. 09-2614

CARLOS BARROS-VILLAHERMOSA,

Plaintiff, Appellant,

v.

UNITED STATES; UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
UNITED STATES CUSTOMS AND BORDER PROTECTION; MARCELINO BORGES;
MIRELLA COUTO; DENNIS MECCANEGO; JORGE MUÑIZ;
JORGE PAGÁN-ALBINO; MARIA PALMER; REYNALDO SÁNCHEZ-RUÍZ;
ROBERTO VIZCARRONDO,

Defendants, Appellees,

JESÚS M. TORRES-DE LEÓN; JOSÉ MUÑIZ,
Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. George Z. Singal, U.S. District Judge]

---

Before
Torruella, Siler[*] and Howard,
Circuit Judges.

---

Juan R. Rodríquez, with whom Rodríquez López Law Offices,
P.S.C. was on brief, for appellant.
Ginette L. Milanés, Assistant United States Attorney, with
whom Rosa Emilia Rodríquez-Vélez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney, Chief, Appellate
Division and Thomas F. Klumper, Assistant United States Attorney,
were on brief, for appellees.

---

April 15, 2011

---

[*]Of the Sixth Circuit, sitting by designation.

**HOWARD, <u>Circuit Judge</u>.** Carlos Barros-Villahermosa ("Barros") appeals from an order granting summary judgment in favor of the United States on his malicious prosecution claim brought under the Federal Tort Claims Act ("FTCA"). We affirm.

## I. BACKGROUND[1]

In 2004, Barros was a U.S. Customs and Border Patrol officer assigned to Luis Muñoz Marín International Airport in San Juan, Puerto Rico. One day after work, Barros passed by a local police vehicle, which appeared to be junked, in the vicinity of the airport. He entered the vehicle and removed a permit decal that gave the holder access to secured areas within the airport. He took the decal home and shredded it, without reporting the incident to his superiors.

Unbeknownst to Barros, the area was under surveillance by the Puerto Rico Police Department ("PRPD"). The police arrested Barros and, in concert with local prosecutors, charged him with misappropriation under the Puerto Rico Penal Code. The PRPD notified the Department of Homeland Security ("DHS") of the arrest. Because Barros was already under federal investigation for employee misconduct, DHS sent an agent from its Office of Inspector General -- Reynaldo Sánchez-Ruíz ("Sánchez"), a defendant in this case -- to observe and report on the PRPD's investigation. Sánchez was

---

[1]We recount the facts in the light most favorable to Barros as the party opposing summary judgment. <u>Harriman</u> v. <u>Hancock County</u>, 627 F.3d 22, 25 (1st Cir. 2010).

present when the police interviewed Barros, although Sánchez did not ask any questions.  Sánchez was not present, however, when the prosecutor interviewed Barros later that day.

A preliminary court hearing held in November 2004 ended in a finding of no probable cause.  Sánchez attended the hearing but remained in the audience gallery and did not participate.  The prosecutor requested a rehearing, which was held two weeks later.  At the rehearing, Sánchez took up position immediately behind the prosecutor yet still in the audience gallery.  After a witness finished testifying, Sánchez leaned over the bar and whispered into the prosecutor's ear.[2]  The judge told Sánchez to stop talking.  That hearing too resulted in a finding of no probable cause, and the case against Barros was dismissed.[3]

In 2005, DHS issued a Report of Investigation ("ROI") on Barros.  The record version of the ROI is a two-page excerpt of what appears to be a six-page document that appended multiple exhibits.  Much of the excerpt is redacted, including the name of

---

[2]The summary judgment record before us does not reveal what Sánchez said to the prosecutor.  When asked at oral argument, the government responded that, at his deposition, Sánchez testified that he said something like "that was a good witness."

[3]For a general description of this procedure in Puerto Rico, see El Vocero de Puerto Rico (Caribbean Int'l News Corp.) v. Puerto Rico, 508 U.S. 147, 148 (1993).

the "Reporting Agent." The portions that are not redacted recount the PRPD's investigation, described above.[4]

In 2006, Barros initiated the present action against the United States and others. He asserted numerous state and federal claims, most of which met their demise below and were not appealed. The only remaining claim is that the United States, through Sánchez, maliciously prosecuted Barros. After the government moved for summary judgment on that claim, the district court referred the motion to a magistrate judge, who issued a report recommending that summary judgment be granted in the government's favor. The district court adopted in full the magistrate judge's report and recommendation and entered judgment. This appeal followed.

## II. DISCUSSION

Our review of the summary judgment grant is de novo. Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 37 (1st Cir. 1993). "To demonstrate the existence of a genuine issue of material fact, plaintiffs must point to concrete, admissible evidence." Id. "Mere allegations, or conjecture unsupported in the record, are insufficient." Id.

Barros brought this claim under the FTCA, so we look to the law of Puerto Rico for the governing standards. See Gonzalez Rucci v. U.S. Immigration & Naturalization Serv., 405 F.3d 45, 49

---

[4]The record does not reflect what action, if any, took place as a result of the ROI.

-4-

(1st Cir. 2005) ("Under the FTCA, we look to the 'law of the place' where the alleged wrongful actions occurred" (quoting Rodriguez v. United States, 54 F.3d 41, 44 (1st Cir. 1995))).  To succeed on a claim for malicious prosecution in Puerto Rico, the claimant must prove four elements:  "1) that a criminal action was initiated or instigated by the defendants; 2) that the criminal action terminated in favor of plaintiff; 3) that defendants acted with malice and without probable cause;[5] and 4) that plaintiff suffered damages."  Id. (internal brackets omitted).  Failure to prove any element is dispositive.  See id.

We agree with the district court that Barros has failed to meet his summary judgment burden.  To "initiate or instigate" a criminal action, a defendant must be "actively instrumental in the initiation of the prosecution through some affirmative action by way of advice, petition, encouragement or pressure."  Rivera-Marcano, 998 F.2d at 37 (translating Jiménez v. Sánchez, 76 D.P.R. 370 (1954)).  There is no evidence that Sánchez's involvement satisfies that definition.  Rather, the record is quite clear that the PRPD arrested and then brought charges against Barros in conjunction with local prosecutors.  Sánchez was present at an interview and attended hearings, but did so as an observer and at

---

[5]We have described this element as "two separate elements because plaintiffs must show both that the defendant acted with malice and that he acted without probable cause."  Rivera-Marcano, 998 F.2d at 37.

the invitation of the PRPD.  Barros points to the ROI, but even were we to assume that Sánchez was the author -- which Barros does not substantiate -- the ROI could not possibly have contributed to the decision to prosecute Barros:  it was issued more than a year <u>after</u> the charges against Barros were brought.[6]

In any event, Barros has not shown that Sánchez acted with malice.  For purposes of malicious prosecution, Puerto Rico courts equate malice with bad faith.  <u>See</u> <u>Raldiris</u> v. <u>Levitt & Sons of Puerto Rico, Inc.</u>, 3 P.R. Offic. Trans. 1087 (1975) ("It is necessary that there be a malicious imputation, made in bad faith . . .");  <u>see</u> <u>also</u> <u>Vyas Sangidas</u> v. <u>Holiday Inns, Inc.</u>, 660 F. Supp. 666, 668 (D.P.R. 1987) (construing Puerto Rico law).  Here, we discern no evidence that remotely suggests bad faith.  Barros claims that Sánchez should have been disqualified from the investigation because they knew each other from a previous job.

_____

[6]Barros argues, in cursory fashion, that Puerto Rico law requires an adverse presumption against the government for "willfully suppressing" parts of the ROI.  <u>See</u> <u>Texaco Puerto Rico, Inc.</u> v. <u>Medina</u>, 834 F.2d 242, 244 (1st Cir. 1987) (discussing Puerto Rico Rule of Evidence 16(5)).  We do not reach the argument because Barros neither adequately developed it on appeal, <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"), nor objected on that basis to the magistrate judge's report and recommendation, <u>Sch. Union No. 37</u> v. <u>United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) ("We have previously held that 'only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection[s] are precluded on appeal.'" (quoting <u>Keating</u> v. <u>Sec'y of Health & Human Servs.</u>, 848 F.2d 271, 275 (1st Cir. 1988))).

But Barros has not established that disqualification was required under the circumstances, and the existence of a possible recusal issue is hardly indicative of bad faith. Moreover, at his deposition, Barros acknowledged that there was no "bad blood" between them.

**<u>Affirmed</u>**.