# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

Lyle W. Cayce
Clerk

No. 13-10869

SULLO & BOBBITT, P.L.L.C.; BARRY L. BOBBITT,

      Plaintiffs - Appellants

v.

STEWART MILNER, Chief Municipal Judge of Arlington; GLORIA LOPEZ-CARTER, Chief Court Clerk of Municipal Court for the City of Dallas; THOMAS JONES, Justice of the Peace, Precinct 1-1 of Dallas County; NINFA MARES, Chief Municipal Judge of the City of Fort Worth,

      Defendants - Appellees

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1926

---

Before DAVIS, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

      Sullo & Bobbitt, P.L.L.C. and Barry L. Bobbitt appeal the district court's orders dismissing their claims for declaratory relief. For the following reasons, we AFFIRM.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10869

I.

Sullo & Bobbitt, P.L.L.C. is a law firm in Dallas that advertises legal representation for misdemeanor offenses in the Dallas-Fort Worth area through direct mailings. The firm and one of its owners, lawyer Barry L. Bobbitt (collectively "Sullo & Bobbitt"), filed suit on August 5, 2011 against various Texas officials challenging the constitutionality of Texas laws and municipal procedures and policies that interfere with attorneys' rights to offer legal representation to criminal defendants.[1]

Sullo & Bobbitt's operative complaint sought declaratory relief under 28 U.S.C. § 2201 regarding their rights to "quick access to court records" under federal common law, the First and Fourteenth Amendments, and 42 U.S.C. § 1983. Specifically, they asked for

> a. A copy of new misdemeanor criminal citations issued by law enforcement agencies that have been filed (either in paper form or in electronic form) with the Judges and Lopez . . . .
>
> b. In the alternative, for each new misdemeanor case, a copy of the automated court case file information, derived from the criminal citations, sufficient to identify the defendant's name and address, the date of the violation/citation, and criminal violation charged.

The complaint identified as defendants Judge Stewart Milner, in his official capacity as Chief Municipal Judge of the City of Arlington, Texas, Gloria Lopez Carter, in her official capacity as Director of the City of Dallas Municipal Court, Judge Thomas G. Jones, in his official capacity as Justice of the Peace, Precinct 1-1 of Dallas County, Texas, and Judge Ninfa L. Mares, in her official

---

[1] Sullo & Bobbitt's original complaint challenged Texas's Civil Barratry Statute, and included Texas Attorney General Greg Abbott as a defendant. On July 10, 2012, the district court dismissed their action against Abbott with prejudice. This court affirmed that dismissal on July 22, 2013. *Sullo & Bobbitt P.L.L.C. v. Abbott*, 536 F. App'x 473 (5th Cir. 2013). We now review only the district court's rulings pertaining to access to court records.

No. 13-10869

capacity as Chief Municipal Judge of the City of Fort Worth, Texas (collectively "appellees").

Sullo & Bobbitt allege that their law firm sought and was denied timely access to court case information, which it uses to advertise its services to criminal defendants after they receive summonses. They further allege that appellees "deliberately delayed access to the contact information" without any practical justification, and note that they offered to pay for the installation of computer programming to make the information available by electronic means or, in the alternative, to send firm employees to the courts to manually copy the records on a daily basis.

In its prayer for relief, the complaint specifies that Sullo & Bobbitt seek a declaration that they have access rights to the court records "available in electronic or paper format *within one business day* of the date the criminal citations are filed with the courts, or in the alternative only, *within one business day* of the date a new case appears in the courts' files." Pls.' 2d Am. Compl. ¶ 35a (emphases added).

On July 25, 2013, after twice dismissing Sullo & Bobbitt's claims with leave to amend, the district court issued the opinion and order that form the basis of this appeal. In relevant part, the district court granted Lopez's and Jones's motions to dismiss in their entirety, and granted Mares's and Milner's motions for summary judgment on Sullo & Bobbitt's claims under the First Amendment.[2]

---

[2] The court also granted Milner's motion for summary judgment on the federal common law claims, and held that Mares was entitled to summary judgment on the federal common law claims because "the federal common law right does not extend to state court records." It allowed Sullo & Bobbitt twenty-one days to file an opposition response, brief, and appendix on the issue because the court raised the issue for Mares *sua sponte*. After Sullo & Bobbitt failed to respond, the district court entered final judgment on August 20, 2013 with respect to the claims against Mares. Sullo & Bobbitt do not appeal the district court's dismissal of their claims under federal common law.

No. 13-10869

Because Sullo & Bobbitt failed to file an amended complaint in response to a previous order, the district court adopted much of the analysis contained in an order issued on May 13, 2013. In that order, the court applied the Supreme Court's "experience and logic" tests from *Press-Enterprise Co. v. Superior Court* ("*Press-Enterprise II*"), 478 U.S. 1, 8–9 (1986), and held that Sullo & Bobbitt failed to allege that courts nationally (and not just in Texas) have historically given access to court records in the manner requested. *Sullo & Bobbitt, PLLC v. Abbott*, No. 3:11-CV-1926-D, 2013 WL 1949835, at *4 (N.D. Tex. May 13, 2013) ("Because plaintiffs assert a constitutional right under the *United States* Constitution, they must make allegations or raise arguments that are sufficient to support a reasonable inference that courts throughout the United States have historically released citations or citation information to the public."). The court also held, as additional reasons for dismissing the claims against Jones, that Sullo & Bobbitt failed to adequately plead county liability under § 1983 because they failed to establish that Jones set county policy, and also failed to adequately allege his deliberate indifference to appellants' rights. *Id.* at *5.

Sullo & Bobbitt appeal the district court's July 25, 2013 order dismissing their claims against Lopez, Jones, and Milner, and its August 20, 2013 order dismissing their claims against Mares.

## II.

"We review a district court's dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (internal quotation marks omitted). We also review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below. *Tiblier v. Dlabal*,

743 F.3d 1004, 1007 (5th Cir. 2014). "We are not limited to the district court's reasons for its grant of summary judgment and may affirm the district court's summary judgment on any ground raised below and supported by the record." *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 606–07 (5th Cir. 2014) (internal quotation marks omitted).

We review the district court's holdings on constitutional and other legal questions de novo, and its specific factual findings for clear error. *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 174–75 (5th Cir. 2011).

III.

Sullo & Bobbitt claim that the district court erred in dismissing their First Amendment claims under the experience test. They also challenge the district court's holdings regarding Jones's policymaker status and deliberate indifference. We hold that the district court correctly dismissed appellants' First Amendment claims because they failed to establish a constitutional right to access court records within one business day of their filing. As such, we do not reach the district court's alternative reasons for dismissal that are specific to Jones.

Sullo & Bobbitt argue that "[a]pplication of the 'experience' test . . . is not required, or if required is satisfied by plaintiffs' allegations of historical access in the defendant-jurisdictions, nearby jurisdictions and throughout the State of Texas." We hold that the district court did not err in applying the experience test, or in holding that Sullo & Bobbitt failed to establish a constitutional right to immediate access to these types of court records.

A. Applicability of the Experience Test

"Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information

within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978). But with respect to court proceedings, the Supreme Court has developed a two-part "experience and logic" test for rights of access. In *Press-Enterprise II*, the Supreme Court explained:

> In cases dealing with the claim of a First Amendment right of access to criminal proceedings, our decisions have emphasized two complementary considerations. First, because a tradition of accessibility implies the favorable judgment of experiences, we have considered whether the place and process have historically been open to the press and general public. . . . Second, in this setting the Court has traditionally considered whether public access plays a significant positive role in the functioning of the particular process in question.

478 U.S. at 8 (internal quotation marks and citations omitted). "If the particular proceeding in question passes these tests of experience and logic, a qualified First Amendment right of public access attaches." *Id.* at 9.

Sullo & Bobbitt argue that the experience test does not apply "because historical access by the defendants is undisputed,"[3] and because the precedential cases on the issue dealt with court proceedings, and not court records. We reject these arguments for two reasons. First, Sullo & Bobbitt never argued to the district court that the experience test should not apply. Their position below was that their pleadings satisfied the experience test. *See* Pls.' Resp. Br. to Lopez's Mot. to Dismiss 3 (asserting that their "pleading for quick access to these court case records meets the 'experience' test of *Press-Enterprise II*"). Because "[a]n argument not raised before the district court cannot be asserted for the first time on appeal," *Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 846 (5th Cir. 2010) (internal quotation marks omitted), Sullo &

---

[3] By appellants' own admission, the defendants have always made the contested records available, and "the only real disagreement between the parties is a temporal one, that is, how quickly must the charging instruments be made available?"

No. 13-10869

Bobbitt waived this argument. Second, even if they did not waive this argument, it is nonetheless meritless. Although neither the Supreme Court nor this circuit has explicitly held that the experience and logic tests apply to court *records*, other circuits have, and none has found that the experience and logic tests do *not* apply.[4]

We hold that the district court did not err in applying the experience test.

B. Failure to Meet the Experience Test

In the alternative, Sullo & Bobbitt argue that their pleadings satisfied the experience test through "plaintiffs' allegations of historical access in the defendant-jurisdictions and throughout the State of Texas." We hold that the district court did not err in rejecting this argument, as the experience test requires that a right be established nationwide.

In its May 13, 2013 order, the district court held that Sullo & Bobbitt failed the experience test because "plaintiffs fail to allege, or argue in response to the motions to dismiss, that courts nationally have given such public access." *Sullo & Bobbitt,* 2013 WL 1949835 at *4. It reasoned that "[b]ecause plaintiffs assert a constitutional right under the *United States* Constitution, they must

---

[4] *See In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D),* 707 F.3d 283, 291 (4th Cir. 2013) ("To determine whether the First Amendment provides a right to access § 2703(d) orders and proceedings, we employ the 'experience and logic' test . . . ."); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("[I]t is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'"); *In re Boston Herald, Inc.*, 321 F.3d 174, 182 (1st Cir. 2003) (recognizing "a qualified First Amendment right of access to certain judicial proceedings and documents" and applying experience and logic test); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) (noting that "[t]he public's right of access to court proceedings and documents is well-established" and explaining that "[t]he First Amendment presumes that there is a right of access to proceedings and documents which have 'historically been open to the public'"); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (applying experience and logic test and holding that "the first amendment right of public access does extend to the documents filed in support of search warrant applications").

make allegations or raise arguments that are sufficient to support a reasonable inference that courts throughout the United States have historically released citations or citation information to the public." *Id.* The district court's holding is consistent with the Supreme Court's decision in *El Vocero de Puerto Rico (Caribbean International News Corp.) v. Puerto Rico*, 508 U.S. 147, 150–51 (1993). In *El Vocero*, the Court explained that "the 'experience' test of *Globe Newspaper* [*Co. v. Superior Court*, 457 U.S. 596 (1982),] does not look to the particular practice of any one jurisdiction, but instead 'to the experience in that *type* or *kind* of hearing **throughout the United States**.'" *Id.* at 150 (bold emphasis added).

Sullo & Bobbitt's challenges to the district court's straightforward application of Supreme Court precedent are unavailing. In a cursory fashion, they argue that this case is distinguishable from cases applying *El Vocero*'s rule of nationwide application because each of those cases involved either a state statute or a court rule with state-wide application, whereas the challenged policies here vary from municipality to municipality within a state. They further argue that the Supreme Court's decisions do not provide guidance as to how many jurisdictions are needed to satisfy the "experience" test. Because "it should not be necessary for plaintiffs to plead and prove more in the way of experience than they have offered to do," they rest on the evidence provided in their Second Amended Complaint that four close-by municipal jurisdictions give access to court records in a more timely fashion than appellees.

We hold that the district court was correct to apply *El Vocero*'s instruction to look at practices "throughout the United States" for experience test purposes, and that Sullo & Bobbitt's limited evidence of Texas practices is insufficient to establish a right under the First Amendment of the United States Constitution. While they may be correct that the Supreme Court has

not described at length what is required for a practice to be adopted nationwide, appellants' failure to even allege that other municipalities provide access to these documents within one business day of their filing simplifies our inquiry.[5]  After correctly applying the experience test to Sullo & Bobbitt's claims, the district court did not err in holding that the right to immediate access to these types of court records is not established throughout the United States.

For the foregoing reasons, the district court's orders are AFFIRMED.

---

[5] Even assuming that Sullo & Bobbitt are correct that we can limit our consideration under the experience test to neighboring Texas municipalities' practices, their own evidence does not establish any right to access court records *within one business day* of their filing.  In their Second Amended Complaint, Sullo & Bobbitt allege: "By comparison with the Defendant entities, the cities of Carrollton, Grand Prairie, and Richardson provide access to the records much more quickly.  For example, over 85% of Carrollton's court case records are made available within 3 days.  About 85% of Grand Prairie's court case records are made available within 7 days.  About 92% of Richardson's court case records are made available within 3 days."  Pls.' 2d Am. Compl. ¶ 29.  Sullo & Bobbitt thus ask this court to declare as constitutionally required practices that are not even in place in the few municipalities they hold out as exemplars.