# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11402
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2015

Lyle W. Cayce
Clerk

WILLIAM HENRY KRIEG,

Plaintiff-Appellant

v.

STEPHEN L. STEELE, Safe Prison Program Sergeant; TIMOTHY S. HOOPER, Building Captain; RICHARD G. LEAL, Assistant Warden; EDDIE L. WHEELER, Senior Warden,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-52

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

William Henry Krieg, Texas prisoner # 1366694, appeals from the dismissal as frivolous of his 42 U.S.C. § 1983 complaint alleging deliberate indifference to his health and safety in contravention of the Eighth Amendment. "We review the dismissal of a complaint under 28 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11402

§ 1915(e)(2)(B)(i) as frivolous for abuse discretion." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (footnote omitted).

A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. . . . A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

A prison official is liable under the Eighth Amendment when, *inter alia*, he is deliberately indifferent to a prisoner's health and safety. *Id.* "To establish deliberate indifference, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Id.* at 407-08 (internal quotation marks and citation omitted). Krieg has failed to allege facts supporting a finding of deliberate indifference surrounding the sexual assault insofar as he testified during his *Spears*[1] hearing that the appellees had no knowledge of it prior to the Unit Classification Committee meeting. Additionally, he makes no showing and does not even allege that the appellees were aware that he would attempt suicide or drew the inference that such a possibility of harm existed either because he was emotionally traumatized or because he wanted to transfer to another unit. *See Rogers*, 709 F.3d at 407-08. To the extent that Krieg argues that the appellees displayed deliberate indifference to his safety and caused psychological injury by ordering him returned to the general population after he had "snitched" on a member of the Crips gang, this argument was raised for the first time in his appellate brief; the magistrate

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

No. 13-11402

judge addressed Krieg's allegations of deliberate indifference only as they related to the sexual assault per his complaint and *Spears* testimony.  "[A]n argument not raised before the district court cannot be asserted for the first time on appeal."  *Sullo & Bobbitt, P.L.L.C. v. Milner*, 765 F.3d 388, 393 (5th Cir. 2014) (internal quotation marks and citation omitted).

Insofar as Krieg argues that his rights under the Prison Rape Elimination Act of 2003 (PREA), 42 U.S.C. § 15601, et seq., were violated, other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape.  *See Diamond v. Allen*, No. 7:14-CV-124, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014) (citing cases); *Amaker v. Fischer*, No. 10–CV–0977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014) (holding that the PREA cannot support such a cause of action by an inmate); *Simmons v. Solozano*, No. 3:14CV-P354- , 2014 WL 4627278, at *4 (W.D. Ky. Sept. 16, 2014) (holding that the PREA creates no private right of action).  Krieg has cited no case in support of his position; therefore, any claim raised under the PREA is properly dismissed as frivolous.

Krieg's other claims either were never raised in the district court or were raised only in a motion for reconsideration of the district court's judgment.  "[G]enerally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration."  *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007) (internal quotation marks and citation omitted).  We therefore deem these claims to be waived.

Krieg has also moved for appointment of counsel.  Because there exist no exceptional circumstances warranting such an appointment, his motion is denied.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.