Voto particular disidente emitido por el
Juez Presidente Señor Hernández Denton,
al cual se une la Juez Aso-ciada Señora Rodríguez Rodríguez.
Al denegar la moción de reconsideración presentada por la representación legal del Sr. Rolando Elicier Díaz, se sos-tiene una opinión de este Tribunal que trastocó un prece-dente diseñado para garantizar el derecho de los acusados a tener un juicio público y, en particular, el derecho de la prensa a tener acceso a los procedimientos que se celebran en nuestras salas. Por tratarse de un asunto de trascen-dencia constitucional sobre el cual ya habíamos logrado ar-monizar criterios que garantizaran los intereses involucra-dos, nos vemos forzados a disentir con estas breves expresiones.
Además, reiteramos nuestra conformidad con el análisis y las conclusiones expuestas en la opinión disidente de la compañera Juez Asociada Señora Rodríguez Rodríguez en Pueblo v. Elicier Díaz I, 183 D.P.R. 167, 204 (2011). Enten-demos que el Tribunal de Primera Instancia llevó a cabo una aplicación cuidadosa y cabal de los preceptos estable-cidos hace apenas tres años en Pueblo v. Pepín Cortés y otros, 173 D.P.R. 968 (2008). En esencia, el Ministerio *710 Público no ofreció suficiente evidencia para demostrar un interés apremiante del Estado que superara el escrutinio estricto pautado. Esto, pues plantea que con el mero hecho de alegar que un agente encubierto continúa en funciones, es suficiente para excluir al público de la sala de un tribunal y celebrar el proceso de espaldas a derechos constitu-cionales importantes.

A la luz de esta decisión, el Tribunal de Primera Instan-cia estará obligado a celebrar una vista a puerta cerrada para garantizar el anonimato de un agente encubierto cuya identidad fue revelada y mencionada por el propio Estado en las denuncias sometidas contra el señor Elicier Díaz, en el alegato de la Oficina del Procurador General ante el Tribunal de Apelaciones, en la sentencia del Tribunal de Apelaciones en este caso, Pueblo v. Elicier Díaz, KLCE20100179, de 30 de marzo de 2010, y en el alegato de la Oficina del Pro-curador General ante nos.

Así pues, enfatizamos nuestra preocupación con que la Opinión de este Tribunal en el presente caso nos coloca peligrosamente al margen de importantes decisiones del Tribunal Supremo de Estados Unidos a favor del acceso del público a los procesos judiciales. En particular, este Tribunal arroja dudas sobre la validez de Waller v. Georgia, 467 U.S. 39 (1984), y El Vocero de Puerto Rico v. Puerto Rico, 508 U.S. 147 (1993).
Por todo ello, nos reiteramos en que el acceso y la presen-cia del público en los tribunales es vital para nuestro sistema democrático. Como Rama de Gobierno, debemos promoverlo siempre. No solo con el objetivo de mantener a la ciudadanía informada, sino también para ganarnos la confianza del País a través de la pureza y la transparencia de nuestra función. Por todo lo anterior, reconsideraríamos.