

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Rolando Elicier Díaz<br><br>Peticionario | Certiorari<br><br>2011 TSPR 1     87<br><br>183 DPR _____ |

Número del Caso:  CC          - 2009 - 413

Fecha: 9 de diciembre de 2011

Tribunal de Apelaciones:

Región Judicial de          Caguas  , Panel     X

Jueza Ponente:          Hon.   Troadio    González Vargas

Abogada de la Parte Peticionaria:

Lcd a. Ana Rosa Montes Arraiza
Lcdo. Felix A. Cifredo Cancel

Oficina de la Procuradora General:

Lcda.    Eva S. Soto Castelló
Procuradora General Auxiliar

Materia:    Ley de    Armas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electró                nica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

                    CC-2010-0395

      v.

Rolando Elicier Díaz

    Peticionario


RESOLUCIÓN


San Juan, Puerto Rico, a 9 de diciembre de 2011.

A la moción de reconsideración, no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García emitió un Voto Particular de Conformidad al cual se unen el Juez Asociado señor Martínez Torres, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón. El Juez Presidente señor Hernández Denton emitió un Voto Particular Disidente al cual se une la Juez Asociada señora Rodríguez Rodríguez. La Jueza Asociada señora Fiol Matta reconsideraría.


                    Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

      v.

Rolando Eliecer Díaz            CC-2010-0395

    Peticionario


Voto particular de conformidad emitido por el Juez Asociado señor Rivera García al cual se unen el Juez Asociado señor Martinez Torres, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.


    En San Juan, Puerto Rico, a 9 de diciembre de 2011.


    Estoy conteste con la Resolución de este Tribunal en la que se deniega la solicitud de reconsideración presentada por la representación legal del Sr. Rolando Eliecer Díaz. Asimismo, difiero muy respetuosamente del disenso por entender que su razonamiento se aparta de los fundamentos jurídicos enunciados en nuestra decisión y por ende, del estado de derecho. Distinto a como se expresa en el voto particular disidente, la Opinión Mayoritaria de esta Curia se ciñe rigurosamente a los pronunciamientos del Tribunal Supremo Federal en cuanto al acceso del público a los procesos judiciales en el ámbito penal.

Nuevamente, la disidencia pretende desvirtuar la opinión mayoritaria argumentando que la misma priva al público de tener acceso a los procedimientos que se celebran en nuestros tribunales. Nada más lejos de la realidad, pues nuestros pronunciamientos reiteran la norma pautada en Pueblo v. Pepín Cortés, 173 D.P.R. 968 (2008). Veamos.

El caso de autos trata un asunto de índole constitucional de extrema importancia y de la más alta jerarquía en nuestro ordenamiento jurídico. Así pues, hemos resuelto que como norma general, se favorece la apertura de los procedimientos judiciales a la ciudadanía. Ello por la razón de que un juicio público constituye, claramente, un derecho fundamental que se extiende a todo ciudadano que enfrenta un procesamiento criminal.

Con estos principios como criterio rector, acogimos los fundamentos esbozados en Pueblo v. Pepín Cortés, supra y Waller v. Georgia, 467 U.S. 39 (1984). Esto es, cuando se solicita excluir al público de sala, el juez de instancia debe celebrar una vista de necesidad en la cual es su deber analizar lo siguiente: (1) si la parte que solicita el cierre presenta un interés apremiante, el cual será perjudicado de no concederse el cierre; (2) si el cierre solicitado no es más amplio de lo necesario para proteger ese interés; y (3) las alternativas razonables disponibles. Tal y como hemos apuntalado, este análisis deberá efectuarse caso a caso.

De igual forma expresamos que "en las instancias en que el Ministerio Fiscal solicite la exclusión del público de la sala debido a que presentará como testigo a un agente encubierto,

**el juez de instancia deberá tener presente la normativa pautada en Pueblo v. Pepín Cortés, supra.**" Pueblo v. Eliecer Díaz, res. el 5 de octubre de 2011, 2011 TSPR 150, pág. 36. Así pues, de anunciarse la presentación de un agente encubierto **que aún sigue en funciones**, deberá demostrar (1) que el agente se encuentra en funciones; (2) que el cierre es la alternativa menos abarcadora **para proteger la vida y seguridad de dicho agente**". (Énfasis suplido.) Íd.; Pueblo v. Pepín Cortés, supra, pág. 987.

Es precisamente la vida y seguridad de ese agente del orden público lo que constituye el interés apremiante o que hace referencia la jurisprudencia previamente esbozada. En atención a ello, aun cuando el derecho del imputado a un juicio público es uno fundamental, cuando se demuestra que el agente encubierto continúa en funciones y que tanto su vida y seguridad, así como la de sus seres queridos corre peligro, ello constituye un interés apremiante que debe sopesarse de manera adecuada por el foro judicial.

Nótese además, que contrario a lo expresado en el voto particular disidente, la identidad del agente encubierto nunca fue revelada. El mero hecho de haber sido incluido el nombre del agente en las denuncias, no equivale a que éste haya sido identificado propiamente. La Real Academia Española (RAE) define *identidad* como el "conjunto de rasgos propios de un individuo o de una colectividad que los caracterizan frente a los demás". Cónsono con lo anterior, resulta evidente que los

rasgos propios de una persona trascienden el nombre, por lo que la solicitud del Ministerio Público de proteger la identidad del agente no se debilita al éste haber sido revelado. Recordemos que a pesar de que su nombre real fue publicado en documentos judiciales, su identidad física y su "alias" por el que se le conoce permanecen ocultos.

Es importante puntualizar que el cierre suplicado en este caso es uno parcial y no total. Es decir, el Ministerio Público solicitó que se excluyera al público de la sala sólo mientras el agente encubierto prestaba su testimonio. Al así proceder, la decisión de la mayoría provee un remedio racionalmente proporcional entre el derecho del imputado a un juicio público y el interés del Ministerio Público de proteger la vida y seguridad del agente encubierto que aún continúa en funciones y en investigaciones relacionadas al trasiego de sustancias controladas y armas ilegales. En armonía con lo anterior, expresamos lo siguiente:

Contrario a la opinión disidente, este tribunal reafirma que la vida y seguridad de un agente encubierto que continúa trabajando en investigaciones de esa naturaleza, constituye un interés apremiante del Estado. Ante el justo balance de los intereses en juego, ¿no es acaso el derecho a la vida el de mayor jerarquía en nuestro ordenamiento constitucional? Contestamos en la afirmativa. No podemos ser tan ingenuos en pensar que la vida y la integridad física de un agente que se adentra en el corazón mismo de la conspiración y penetra los más oscuros recintos del crimen organizado no están en inminente riesgo. Pueblo v. Eliecer Díaz, supra, pág. 42.

Ciertamente, compartimos el firme compromiso de esta Curia de fortalecer la confianza de la ciudadanía en nuestra Rama Judicial. Ahora bien, soy del criterio que ello se logra pautando normas de Derecho que respondan a las realidades

sociales y a la alta incidencia criminal que mortifica diariamente a los casi 4 millones de habitantes de esta Isla. No podemos cruzarnos de brazos ante un pueblo que exige con vehemencia el cumplimiento de la ley y la búsqueda de la justicia.

Nuestra convicción y el claro entendimiento de los principios constitucionales más arraigados en nuestro ordenamiento jurídico, nos impiden avalar una postura que en su aplicación, inclina la balanza de la justicia hacia un sólo lado. Por el contrario, tenemos el deber ministerial de responder afirmativamente a este reclamo, tomando como norte los principios de ley y orden bajo un sistema jurídico cuyo fin es impartir justicia con sensibilidad, absoluta imparcialidad y garantizando los derechos constitucionales de cada ciudadano.

Por los fundamentos que preceden, reitero mi voto de conformidad con el dictamen de este Tribunal que declara no ha lugar al petitorio de reconsideración presentado por el peticionario.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                    CC-2010-0395   Certiorari

Rolando Elicier Díaz

    Peticionario

Voto Particular Disidente emitido por el Juez Presidente señor Hernández Denton al cual se une la Jueza Asociada señora Rodríguez Rodríguez.

San Juan, Puerto Rico, a 9 de diciembre de 2011.

Al denegar la moción de reconsideración presentada por la representación legal del Sr. Rolando Elicier Díaz, se sostiene una Opinión de este Tribunal que trastocó un precedente diseñado para garantizar el derecho de los acusados a tener un juicio público y, en particular, el derecho de la prensa a tener acceso a los procedimientos que se celebran en nuestras salas. Por tratarse de un asunto de trascendencia constitucional sobre el cual ya habíamos logrado armonizar criterios que garantizaran los intereses involucrados, nos vemos forzados a disentir con estas breves expresiones.

Además, reiteramos nuestra conformidad con el análisis y las conclusiones expuestas en la Opinión Disidente de la compañera Juez Asociada señora Rodríguez Rodríguez en Pueblo v. Elicier Díaz, res. el 5 de octubre de 2011, 2011 T.S.P.R. 150. Entendemos que el Tribunal de Primera Instancia llevó a cabo una aplicación cuidadosa y cabal de los preceptos establecidos hace apenas tres años en Pueblo v. Pepín Cortés, 173 D.P.R. 698 (2008). En esencia, el Ministerio Público no ofreció suficiente evidencia para demostrar un interés apremiante del Estado que superara el escrutinio estricto pautado. Esto, pues plantea que con el mero hecho de alegar que un agente encubierto continúa en funciones, es suficiente para excluir al público de la sala de un tribunal y celebrar el proceso de espaldas a derechos constitucionales importantes.

**A la luz de esta decisión, el Tribunal de Primera Instancia vendrá obligado a celebrar una vista a puerta cerrada para garantizar el anonimato de un agente encubierto cuya identidad fue revelada y mencionada por el propio Estado en las denuncias sometidas contra el señor Elicier Díaz, en el alegato de la Oficina del Procurador General ante el Tribunal de Apelaciones, en la sentencia del Tribunal de Apelaciones en este caso, Pueblo v. Elicier Díaz, KLCE20100179, res. el 30 de marzo de 2010, y, en el alegato de la Oficina del Procurador General ante nos.**

Así pues, enfatizamos nuestra preocupación con que la Opinión de este Tribunal en el presente caso nos coloca

peligrosamente al margen de importantes decisiones del Tribunal Supremo de los Estados Unidos a favor del acceso del público a los procesos judiciales. En particular, este Tribunal arroja dudas sobre validez de _Waller v. Georgia_, 467 U.S. 39 (1984) y _El Vocero de Puerto Rico v. Puerto Rico_, 508 U.S. 147 (1993).

Por todo ello, nos reiteramos en que **el acceso y la presencia del público en los tribunales es vital para nuestro sistema democrático**. Como Rama de Gobierno, debemos promoverlo siempre. No sólo con el objetivo de mantener a la ciudadanía informada, sino también para ganarnos la confianza del País a través de la pureza y la transparencia de nuestra función. Por todo lo anterior, reconsideraríamos.

Federico Hernández Denton
Juez Presidente