# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2012

No. 11-20921
Summary Calendar

Lyle W. Cayce
Clerk

KBR,

Plaintiff - Appellee

v.

JOHN CHEVEDDEN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-196

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee KBR brought this action under § 14(a) of the Securities and Exchange Act of 1934. KBR sought a declaratory judgment that SEC Rule 14a-8, 17 C.F.R. § 240.14a-8, permits KBR to exclude Defendant-Appellant John Chevedden's proposed shareholder resolution from the proxy materials KBR would supply to its shareholders at their 2011 meeting. The district court granted KBR's motion for summary judgment, ruling that Chevedden was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20921

eligible to have his proposal included in KBR's proxy materials. Chevedden filed a number of motions for reconsideration, which the district court denied. On appeal, Chevedden argues (1) that § 14(a) does not create a private right of action; and (2) that the dispute lacks sufficient immediacy and reality to be a justiciable dispute under the Declaratory Judgment Act, 28 U.S.C. § 2201.

We AFFIRM.

Section 14a of the Securities and Exchange Act of 1934, 15 U.S.C. § 78n(a)(1), states:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title.

SEC Rule 14a-8, 17 C.F.R. § 240.14a-8, "addresses when a company must include a shareholder's proposal in its proxy statement and identify the proposal in its form of proxy when the company holds an annual or special meeting of shareholders." Subsection (b) limits those eligible to have their proposals included in the company's proxy statements to persons who have held "at least $2,000 in market value, or 1%, of the company's [voting] securities" for at least one year. 17 C.F.R. § 240.14a-8(b)(1). Subsection (b) also requires the person submitting a proposal to supply documentation proving his eligibility. 17 C.F.R. § 240.14a-8(b)(2).

In November 2010, Chevedden submitted a shareholder proposal for inclusion in KBR's proxy statement for its May 2011 shareholders' meeting. Chevedden's proposal lacked sufficient proof of his eligibility, and he was unable to supply documentation of stock ownership in response to repeated requests from KBR. Needing to finish its proxy statement by April 4, 2011, KBR asked

No. 11-20921

Chevedden to withdraw his proposal in January 2011. He refused, and KBR filed this action seeking a declaratory judgment that it could properly exclude the proposal.

Chevedden filed motions to dismiss the case for lack of personal and subject-matter jurisdiction, which the district court denied in February 2011. Though he continued to refuse to withdraw his proposal, Chevedden was unable to supply the documentation of his eligibility required by Rule 14a-8, and in a second motion to dismiss he stipulated that he would not sue if KBR excluded his proposal from its proxy statement. The district court denied that motion on April 4, 2011. The district court also granted KBR's motion for summary judgment, ruling that KBR could properly exclude Chevedden's proposal from its proxy statement. KBR excluded Chevedden's proposal, and held its May 2011 shareholders' meeting. The district court entered a final judgment for KBR on December 21, 2011, and Chevedden filed this appeal.

Chevedden's argument that § 14(a) does not create a private right of action is foreclosed by *J.I. Case Co. v. Borak*, 377 U.S. 426, 84 S. Ct. 1555 (1964), in which the Supreme Court held that § 14(a) creates a private right of action to enforce SEC regulations controlling the conditions under which proxies are submitted. *Id.* at 431–433, 84 S. Ct. at 1559-60.[1]

Chevedden also argues that his conflict with KBR lacks the sufficient immediacy and reality to give KBR standing to bring a declaratory judgment action. The Declaratory Judgment Act permits a federal court to "declare the rights and other legal relations" of parties in "a case of actual controversy." 28 U.S.C. § 2201(a). Chevedden's proposal put KBR to a choice between spending

---

[1] Since *Borak*, the Supreme Court has changed its general approach to determining whether a federal statute creates a private right of action. *See, e.g.*, *Alexander v. Sandoval*, 532 U.S. 275, 287, 121 S. Ct. 1511, 1520 (2001). But the Supreme Court has not overruled *Borak*'s holding that § 14(a) creates a private right of action.

No. 11-20921

a significant sum to revise its proxy statement, or excluding Chevedden's proposal and exposing itself to potential litigation. The choice between accommodating a potential adverse litigant at substantial expense or taking action that would expose onself to a suit creates a justiciable dispute between parties. *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137, 127 S. Ct. 764, 777 (2007) (holding that a patent licensee could seek a declaration that the patent was invalid without first exposing itself to an infringement suit by withholding payments due under its licensing agreement with the cpatent holder). Chevedden argues that any possibility of litigation stemming from a decision to exclude his proposal is vitiated by his stipulation that he would not sue if KBR chose that course. But whichever course KBR chose, the decision would implicate KBR's duties to all of its shareholders. Also, wrongly excluding an eligible shareholder's proposal from its proxy statements could expose KBR to an SEC enforcement action.

The district court's judgment is AFFIRMED.