**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2013

No. 12-10843

Lyle W. Cayce
Clerk

SULLO & BOBBITT P.L.L.C.; BARRY L. BOBBITT,

Plaintiffs - Appellants

v.

GREG ABBOTT, Attorney General of Texas,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1926

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Attorney Barry L. Bobbitt and his law firm, Sullo & Bobbitt P.L.L.C.
(collectively "Bobbitt"), brought this action in district court seeking a declaratory
judgment that the Texas civil barratry statute, under which a person charged
with a misdemeanor may seek damages against an attorney who solicits his
business within 30 days of his arrest, is unconstitutional.  Bobbitt appeals the
district court's dismissal based on his lack of standing, and contends sovereign

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-10843

immunity also does not apply to bar the suit. We AFFIRM based on the absence of standing. We do not address the issue of sovereign immunity.

FACTS AND PROCEDURAL HISTORY

Bobbitt practices law in Texas. Much of his legal work involves defending individuals charged with misdemeanor offenses. Bobbitt advertises through direct mail solicitations to criminal defendants within 31 days of their arrests, which he acknowledges is a violation of a Texas criminal barratry statute. *See* TEX. PENAL CODE ANN. § 38.12(d)(2)(C). He claims to have incurred over $1 billion in potential liability under the Texas civil barratry statute. *See* TEX. GOV'T CODE ANN. § 82.0651(c). As will be detailed below, that statute allows a potential client who has been solicited in violation of the criminal barratry statute to sue the offending attorney. The $1 billion is calculated by using the statutory civil penalty of $10,000 per solicitation and the number of solicitations the law firm has sent. TEX. GOV'T CODE ANN. § 82.0651(d).

In 1994, a federal court enjoined enforcement of provisions of the criminal barratry statute that prohibited soliciting accident victims and arrestees by mail "before the 31st day after the date" of an accident or arrest. TEX. PENAL CODE ANN. § 38.12(d)(2)(A), (C); *Moore v. Morales*, 843 F. Supp. 1124, 1133 (S.D. Tex. 1994). The Attorney General did not contest on appeal the district court's decision as to the restriction on written solicitation of arrestees. *See* § 38.12(d)(2)(C). That is the only portion of the statute at issue here. The Attorney General issued a formal opinion that this section is unconstitutional. Tex. Att'y Gen. Op. JC-0022, 1999 WL 156298, at *1, *3-4 (1999). While this appeal was pending, the Texas legislature repealed Section 38.12(d)(2)(C), effective September 1, 2013. 2013 TEX. SESS. LAW SERV. Ch. 315 (H.B. 1711). We do not consider the legislative action to have made this lawsuit moot, as liability for solicitations made prior to the date of repeal technically remain.

2

No. 12-10843

The civil barratry statute, enacted in 2011, provides that persons who are solicited by lawyers in a manner prohibited by law or ethics rules may file a civil action against the person who committed barratry:

> A person who was solicited by conduct violating the laws of this state or the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

TEX. GOV'T CODE ANN. § 82.0651(c). A successful plaintiff "shall recover from each person who engaged in barratry: (1) a penalty in the amount of $10,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorney's fees." *Id.* § 82.0651(d). Thus, the statute incorporates by reference the prohibitions created elsewhere, including the now repealed Section 38.12(d)(2)(C) of the Texas Penal Code. As noted, the repeal is not effective until September 1, 2013.

Bobbitt brought this action pursuant to 42 U.S.C. § 1983, challenging the civil barratry statute. He sought a declaration that the statute unconstitutionally restricts commercial speech. He named as a defendant Greg Abbott, the Texas Attorney General, in his official capacity. He also brought claims against other defendants that are not at issue here. For his claim against the Attorney General, Bobbitt contended that a declaration from the district court would "serve the purpose of discouraging" private litigants from suing under the civil barratry statute.

The Attorney General filed a motion to dismiss Bobbitt's claim under Rule 12(b)(1), contending Bobbitt lacked standing, and under Rule 12(b)(6), contending sovereign immunity barred the suit. The district court dismissed the claim against the Attorney General for lack of standing without reaching the question of sovereign immunity.

No. 12-10843

Bobbitt moved to sever the dismissal of the claim against the Attorney General from his separate claims against other defendants. The district court treated the motion as one for entry of final judgment as to his claims against the Attorney General under Rule 54(b), and granted that relief. Bobbitt appeals from the judgment dismissing his claim against the Attorney General.

## DISCUSSION

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is reviewed *de novo*; the plaintiff bears the burden of proving jurisdiction. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). Subject matter jurisdiction includes the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff first must demonstrate he suffered "injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal citations and quotation marks omitted). Second, standing requires a causal connection between the conduct complained of and the injury plaintiff suffered. *Id.* "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal citations and quotation marks omitted).

The district court assumed *arguendo* that Bobbitt had demonstrated injury in fact. It dismissed the claim because he had not shown a causal relationship between any action taken by, or available to, the Attorney General, and the asserted injury. Because the civil barratry statute provides a *private* cause of action, the district court concluded the Attorney General could cause Bobbitt no injury under that law. Similarly, it found Bobbitt's injury could not be redressed in this action because a declaration as to the statute's unconstitutionality made against the Attorney General could not prevent private litigants from filing civil barratry claims against Bobbitt in state court, or control whether a state court would adjudicate such claims.

No. 12-10843

All three elements laid out in *Lujan* must be present for a plaintiff to have standing to sue; if a single element is missing, our inquiry has ended and the case must be dismissed. To demonstrate injury in fact, Bobbitt must show an injury that is both "concrete and particularized" and "actual or imminent." *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010). He contends the existence of the civil barratry statute has harmed him in two ways that meet the injury-in-fact standard. First, it has had a chilling effect on his commercial speech; second, it has subjected him to over $1 billion in civil damages due to the statute's $10,000 penalty and the vast number of prohibited solicitations he has mailed.

The district court stated in a footnote that it "appear[ed] that the element of injury-in-fact is satisfied." We disagree. The cases the district court relied on to reach that conclusion are readily distinguishable. In one, this court ruled a chiropractor who challenged a portion of the criminal barratry statute restricting solicitation to accident victims had shown injury in fact because he acted and intended to act in a manner that violated the statute. *McKinley v. Abbott*, 643 F.3d 403, 407 (5th Cir. 2011) (analyzing TEX. PENAL CODE ANN. § 38.12(d)(2)(A)). That subpart of Section 38.12 was not subject to a federal court ruling or an Attorney General opinion stating it was unconstitutional and unenforceable. Both obstacles exist for the section of the civil barratry statute that Bobbitt challenges. *Moore*, 843 F. Supp. at 1133; Tex. Att'y Gen. Op. JC-0022, 1999 WL 156298, at *1, *3-4 (1999). While the plaintiff in *McKinley* could show a concrete injury that was actual and imminent because he was violating a criminal statute still enforced by the state, Bobbitt fears being sued for breaking a law that has twice been declared invalid.

As in effect until repealed in September 2013, the civil barratry statute provides a private cause of action for individuals solicited in a manner that violates "the laws of this state." TEX. GOV'T CODE ANN. § 82.0651(c). Civil liability for barratry, in other words, depends upon the unlawfulness of the

5

defendant attorney's actions pursuant to the criminal barratry statute. The *Moore* decision, as well as the 1999 Attorney General's opinion, declared the criminal barratry statute unconstitutional. Neither of those opinions is binding on this court, and we do not offer any view on the statute's constitutionality. These significant declarations of invalidity, though, weaken the likelihood that Bobbitt could be successfully sued under the statute.

There is nothing in this record to suggest that any suit will be filed. There is no evidence that any Texas attorney has *ever* been sued under the civil barratry statute, nor was any assertion to that effect made to the district court. Indeed, Bobbitt alleged before the district court that a Texas law firm had run an advertisement soliciting clients to sue attorneys under the civil barratry statute in 2011, yet he has not alleged that any such suits have been filed. No claims could be made based on solicitations made after the date of repeal.

The Supreme Court recently determined standing was absent in a related situation: plaintiffs alleged a federal statute might result in the Government intercepting plaintiffs' private communications. *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1148 (2013). There was no evidence that their communications had been targeted under the statute or that the Government had ever sought authorization to do so. *Id.* Because plaintiffs presented no evidence that they or their foreign contacts would be subject to Government surveillance, their allegations of injury were "necessarily conjectural" and not sufficient to confer standing. *Id.* at 1149. Bobbitt presents a similarly insufficient case for standing.

For Bobbitt to suffer the $1 billion in potential damages he posits, he would not only have to be subject to civil barratry litigation but also have a reasonable chance of losing such litigation. In *McKinley*, it was sufficient for plaintiff to allege the injury of potentially being prosecuted for the offense of criminal barratry; such prosecution, in and of itself, was a "concrete injury that [was] actual and imminent." 643 F.3d at 407. Bobbitt's injury is neither actual

No. 12-10843

nor imminent to the degree that existed in *McKinley*.  To the contrary, it is merely conjectural. *See Clapper*, 133 S.Ct. at 1149.  A statement solely of abstract legal possibility but not of meaningful factual potential is insufficient to confer standing.  A "threatened injury must be *certainly impending* to constitute injury in fact," and claiming "*possible* future injury" does not meet plaintiff's burden. *Id.* at 1147 (internal quotation marks omitted) (emphases in original).  Bobbitt is subject to potential lawsuits with minimal chances of success; injury is not certainly impending.

Two other cases were cited by the district court in determining Bobbitt had likely met his burden of showing injury in fact.  In our view, they support that he has not done so.  In one, this court noted that a "real and immediate threat of future injury" can confer standing at least in the context of a plaintiff's seeking an injunction, as opposed to the declaratory judgment. *K.P.,* 627 F.3d at 122-23.  As explained above, the threat Bobbitt complains of is neither real nor immediate.  In the final precedent, we explained that a plaintiff in a declaratory action may establish injury in fact "by establishing actual present harm or a significant possibility of future harm," and if he relies on future harm he must be "*immediately in danger of sustaining* some direct injury." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 542 (5th Cir. 2008) (emphasis in original) (internal quotation marks and citations omitted).  Once again, because there is no indication on this record that Bobbitt is likely to suffer any injury due to the civil barratry statute, the potential for such injury is neither significant nor an immediate danger.

To the extent that Bobbitt alleges he is injured by a chilling of his speech, the same logic applies.  Absent a real threat of a successful suit that hinders the solicitation of business from criminal defendants, his commercial speech is unaffected by the barratry statute.  We also suggest that anyone who has

No. 12-10843

voluntarily and knowingly spoken in a manner causing the accumulation of what is said to be a billion dollars of potential claims is not much chilled in speaking.

Because Bobbitt has not suffered an injury in fact, we need not address the questions of causation or redressability.

AFFIRMED.