# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20336
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2014

Lyle W. Cayce
Clerk

WASTE CONNECTIONS, INCORPORATED,

Plaintiff - Appellee

v.

JOHN CHEVEDDEN; JAMES MCRITCHIE; MYRA K. YOUNG,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-176

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellee Waste Connections, Inc. ("WCN") sued John Chevedden, James McRitchie, and Myra K. Young (the "Defendants") under § 14(a) of the Securities and Exchange Act of 1934 seeking a declaratory judgment that Securities and Exchange Commission ("SEC") Rule 14a-8, 17 C.F.R. § 240.14a-8 ("Rule 14a-8"), permits WCN to exclude the Defendants' proposed shareholder resolution from its proxy material. The Defendants

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20336

moved to dismiss the suit, and WCN moved for summary judgment. The district court denied the Defendants' motion and granted summary judgment for WCN. The Defendants appeal only the district court's denial of their motion to dismiss. We AFFIRM.

Chevedden submitted a shareholder proposal to WCN on behalf of McRitchie and Young. The Defendants sought to include their proposal in WCN's proxy materials that were to be provided to WCN's shareholders in advance of the 2013 shareholder meeting. In light of the need to timely release its proxy materials, WCN filed suit against the Defendants seeking a declaratory judgment that the proposal could properly be excluded from its proxy materials pursuant to Rule 14a-8. WCN sought declaratory relief to ensure that it would not be subject to an SEC enforcement action or shareholder lawsuit alleging an improper exclusion of the proposal.

The Defendants moved to dismiss WCN's suit, arguing that their irrevocable and unconditional covenant not to sue WCN if it excluded their proposal from its proxy materials deprived WCN of standing to seek declaratory relief. WCN moved for summary judgment. After a hearing, the district court denied the Defendants' motion to dismiss and granted summary judgment for WCN, thereby holding that WCN could exclude the Defendants' proposal pursuant to Rule 14a-8.

We review *de novo* a district court's denial of a motion to dismiss for lack of subject matter jurisdiction. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). As the party asserting jurisdiction, WCN bears the burden of proof, but we accept as true the allegations and facts as presented in its complaint. *See id.* WCN seeks relief under the Declaratory Judgment Act, which permits a federal court to "declare the rights and other legal relations" of parties in "a case of actual controversy." *See* 28 U.S.C. § 2201(a).

2

No. 13-20336

To establish standing, WCN must demonstrate that it suffered an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 120–21 (2007) (applying the Article III standing inquiry to the Declaratory Judgment Act's "actual controversy" requirement). WCN must also show a causal connection between the conduct complained of and the injury suffered, as well as that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal citations and quotation marks omitted.

The Defendants argue that WCN lacks standing because WCN's injury is not "certainly impending," WCN's claim became moot as a result of the Defendants' promise not to sue WCN if it excluded their proposal, and WCN's alleged injury cannot be redressed through this suit. Chevedden presented similar arguments to this court in *KBR v. Chevedden*, 478 F. App'x 213 (5th Cir. 2012) (unpublished). Indeed, as the Defendants concede, *KBR* involved substantially the same fact pattern—KBR sought declaratory relief that it was entitled to exclude Chevedden's proposal from its proxy materials under Rule 14a-8. *See id.* at 214. In *KBR*, we rejected Chevedden's argument that his stipulation not to sue KBR for excluding his proposal deprived the company of standing. *Id.* at 215. We explained that Chevedden's request to include his proposal placed KBR in the position of "spending a significant sum to revise its proxy statement, or excluding Chevedden's proposal and exposing itself to potential litigation." *Id.* As a result, KBR had standing because its decision whether to exclude the shareholder proposal would "implicate KBR's duties to all of its shareholders . . . [and] could expose KBR to an SEC enforcement action." *Id.*

No. 13-20336

While *KBR* is unpublished and, therefore, is not binding precedent in the case at bar, we find the reasoning in *KBR* persuasive and adopt it here. Defendants offer no meritorious arguments for distinguishing *KBR*.

The Defendants' argument that *KBR* has been implicitly overruled or is no longer persuasive in light of recent Supreme Court decisions is without merit. First, *Clapper v. Amnesty International USA* simply confirms "the *well-established* requirement that threatened injury must be 'certainly impending.'" 133 S. Ct. 1138, 1143 (2013) (emphasis added). Unlike the plaintiffs in *Clapper* whose alleged injury depended on a "chain of events" and, therefore, was not "certainly impending," WCN explained to the district court that the exclusion of the Defendants' proposal could lead directly to an SEC enforcement action or liability from other shareholders.[1] *See Clapper*, 133 S. Ct. at 1148–50.[2]

As the Defendants expressly recognize, the case at bar is substantially identical to the situation presented in *KBR*. After carefully considering the Defendants' arguments, we find no reason to diverge from our prior holding in *KBR* and, therefore, we AFFIRM.

---

[1] Contrary to the Defendants' suggestion, *Sullo & Bobbitt P.L.L.C. v. Abbott*, 536 F. App'x 473 (5th Cir. 2013) (unpublished), does not represent a change in this circuit's standing inquiry in light of *Clapper*. As an initial matter, our analysis in *Sullo* continued to rely on *Lujan*'s well-settled standing inquiry. *See id.* at 475. Further, citing to *Clapper*, we concluded that the plaintiff in *Sullo* lacked standing when "[t]here [was] nothing in [the] record to suggest that any suit will be filed. There [was] no evidence that any [similarly situated plaintiff] has *ever* been sued under the civil barratry statute, nor was any assertion to that effect made to the district court." *Id.* at 476. WCN does not rely on a similar theoretical possibility of an SEC enforcement action. Indeed, unlike *Sullo* where there was no evidence that a claim was ever brought against a similarly situated plaintiff under the civil barratry statute, WCN presented uncontested evidence to the district court that a company's exclusion of a shareholder proposal absent a request for a no-action letter from the SEC or lawsuit would lead to an "almost-certain" probability of an investigation by the SEC's Division of Enforcement.

[2] *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 728–29 (2013), is inapposite because it involves the situation of a patent owner and alleged infringer, not a party issuing a proxy to multiple potential parties.

4