United States Court of Appeals,

Fifth Circuit.

No. 91-3865.

Margaret A. WHEAT, et al., Plaintiffs-Appellants,

v.

Joseph L. MASS, M.D., et al., Defendants-Appellees.

July 6, 1993.

Appeals from the United States District Court for the Middle District of Louisiana.

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge.

## BACKGROUND

In November 1989, Margaret Gordon underwent tests by Dr. Joseph Mass at Our Lady of the Lake Regional Medical Center (OLOL) after she complained to him of abdominal pain. After the tests revealed severe liver disfunction, Mrs. Gordon was admitted to OLOL and was treated there by Drs. Joseph Mass, John Hoppe, and William Anderson. Mrs. Gordon's condition deteriorated, and she was transferred to Ochsner Hospital (Ochsner) in New Orleans to undergo evaluation by Dr. Luis Balart for a possible liver transplant.

At Ochsner, Mrs. Gordon's condition stabilized temporarily until December 10, when Ochsner physicians determined that she needed a liver transplant. Because Mrs. Gordon's medical insurance did not cover transplants, her family was contacted by Ochsner's social worker on December 11 and informed that a $175,000 down payment must be raised for the transplant. At the social worker's suggestion, Mrs. Gordon's family contacted the Louisiana state government for assistance and was subsequently informed on December 13 that funding for the transplant may be available from the state. Mrs. Gordon was immediately placed on the national transplant waiting list, but before an organ match was made, she passed away at 10:00 p.m. that night. In December 1990, Appellants sued Drs. Mass, Hoppe, OLOL, Ochsner, and Drs. Balart and Head, alleging that they discriminated against Mrs. Gordon on the basis of age, sex, and poverty while providing her medical services, in

violation of the Civil Rights Act, Title VII, the U.S. Constitution, and the Louisiana Constitution. The district court dismissed the complaint, upon Appellees' motions, for failure to state a claim. The court also denied Appellants' motion to amend the petition. Appellants appeal both the dismissal and the district court's refusal to allow an amendment to the complaint.

## DISCUSSION

I. *Dismissal of Complaint.*

A. *Standard of Review.*

Dismissal cannot be upheld unless it appears beyond doubt that Appellants would not be entitled to recover under any set of facts that could be proved in support of their claims. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Worsham v. City of Pasadena,* 881 F.2d 1336, 1339 (5th Cir.1989).

B. *Alleged causes of action.*

Appellants' 42 U.S.C. § 1983 claim states that "Ochsner and its doctors, as well as proposed defendant state officials," are state actors who violated Mrs. Gordon's civil rights under the equal protection clause of the Fourteenth Amendment. Ochsner is not a state actor, and cannot be considered as such solely because it receives medicare and medicaid funds and is subject to state regulation. *Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1349 (5th Cir.1985). Because no state action was involved, this claim was properly dismissed.

Appellants next argue that Ochsner violated Mrs. Gordon's equal protection rights under the Fifth Amendment by discriminating against her on the basis of sex. A Fifth Amendment claim is cognizable only against a federal government actor, and Appellants argue that Ochsner is such an actor by virtue of its membership in the United Network for Organ Sharing (UNOS).[1] Ochsner's receipt of federal funds by virtue of its participation in UNOS does not make Ochsner a federal actor. *See Wahba v. New York University,* 492 F.2d 96, 102 (2d Cir.1974) *cert. denied,* 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974) (private university's administration of public health service grants

---

[1]The United Network for Organ Sharing has an exclusive contract with the Department of Health and Human Services to serve as the national organ procurement and transplant network under the National Organ Transplant Act of 1984, 42 U.S.C. § 273.

pursuant to statute does not make the university a federal actor); *Greenya v. George Washington University,* 512 F.2d 556, 559-60, (D.C.Cir.1975) *cert. denied,* 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975) (university's receipt of federal funding and exemption from taxation does not make university a government actor for purposes of a Fifth Amendment claim); *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,* 792 F.2d 1432, 1435 (9th Cir.1986) *cert. denied,* 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987), (extensive and detailed regulation does not render business a government actor). Furthermore, Appellants have failed to allege any facts demonstrating that Mrs. Gordon was discriminated against on the basis of her sex. This claim was properly dismissed.

Third, Appellants argue that "Louisiana finances liver transplants with Medicaid funds on an arbitrary and political rather than reasonable and equitable basis" in violation of 42 U.S.C. § 1396b(i), which provides that states must distribute organ transplant funds equally to similarly situated individuals. This claim only applies to Ochsner, because Ochsner is the only Appellee that performs liver transplants or is involved in Louisiana's funding of transplants. We held in *Stewart v. Bernstein,* 769 F.2d 1088, 1092-94 (5th Cir.1985), that the Medicaid Act does not furnish substantive rights enforceable in civil suits between private parties. The court's power to enforce this statute is limited to adjudication of whether a state properly administers federal medicaid funds, and therefore this claim against Ochsner was properly dismissed.

Fourth, Appellants argue that a cause of action exists under the Age Discrimination Act, 42 U.S.C. § 6101, which prohibits discrimination on the basis of age in federally assisted programs. Appellants argue that the organ transplant program is a federally assisted program because it is heavily subsidized and funded with federal Medicare and Medicaid funds. Again, this claim can only be asserted against Ochsner as Ochsner is the only Appellee involved in organ transplants. This Court has not considered whether a private cause of action exists under the Age Discrimination Act, nor has the Court considered whether such an action may be brought by a Plaintiff's survivors; we need not address these issues now. Appellants have made no showing whatsoever that Ochsner discriminated against Mrs. Gordon on the basis of her age, and for that reason the claim was properly

dismissed.

Appellants next argue that Ochsner violated Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681 which prohibits sexual discrimination in education programs receiving federal funding. Appellants argue that Ochsner is within the purview of Title IX because it has educational programs and receives federal funds through medicare and medicaid. Appellants then state that Ochsner discriminated against Mrs. Gordon on the basis of sex in violation of Title IX. This claim was properly dismissed because Appellants have made no showing that Mrs. Gordon's gender was a factor in her not receiving a liver transplant, or in any other decision involving her medical care.

Finally, Appellants argue that they are entitled to show that UNOS and its members such as Ochsner maintain a monopoly on organ transplants and create market harm by restricting the availability of such services and charging prohibitively high prices in violation of the Sherman Anti-Trust Act, 15 U.S.C. §§ 1, 2. Appellants have failed to state a claim under § 1 of the Sherman Act because they have failed to allege any effect on interstate commerce, and have failed to show Ochsner's requisite market power or intent to monopolize the market. Appellants have also failed to state a claim under § 2 of the Sherman Act because they have not shown an agreement between two or more economic entities, a specific intent to monopolize, or any overt act in furtherance of the conspiracy. These claims are frivolous, and were properly dismissed.

II. *Denial of motion to amend the complaint.*

We review the district court's refusal to allow Appellants to amend their complaint for abuse of discretion. *Avatar Exploration, Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir.1991). The district court refused to allow Appellants to amend their complaint because the proposed amendments sought to include numerous defendants under various theories, but failed to indicate any factual basis in support of the claim. Having reviewed Appellants proposed amended complaint, we find that the district court did not abuse its discretion.

Having concluded that Appellants' brief asserts meritless claims completely unsupported by allegations of fact, we turn to Fed.R.App.P. 38, which states "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

An appeal is frivolous when the advanced claim is unreasonable, or when it involves legal points that are not arguable on their merits. *Sturgeon v. Airborne Freight Corp.,* 778 F.2d 1154, 1161 (5th Cir.1985); *Stelly v. Commissioner,* 761 F.2d 1113, 1116 (5th Cir.1985). This matter is a prime example. Numerous defendants have been put to considerable needless expense by this lawsuit. Since the district court has referred the matter of sanctions to a magistrate judge, we decline to exercise our Rule 38 sanction authority.

## CONCLUSION

For the foregoing reasons, the district court's dismissal of Appellants' complaint and refusal to allow an amendment are AFFIRMED.