# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30106
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2015

Lyle W. Cayce
Clerk

DEROME A. SEALS; JESSIE WRIGHT,

      Plaintiffs - Appellants

v.

SUPERIOR OPTIONS OF LA, INCORPORATED; ANASTASIA YOUNG,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1687

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

## I. INTRODUCTION

Plaintiffs-Appellants Jessie Wright ("Wright") and Derome Seals ("Seals")[1] brought this action *pro se* against Defendants-Appellees Superior Options of LA, Inc. ("Superior Options"), which provided healthcare and social services to Wright, and Anastasia Young ("Young"), a Superior Options

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Seals is Wright's legal guardian.

employee. Plaintiffs allege that, on April 5, 2014, after Young picked up Wright for a doctor's appointment, an argument between the two resulted in Wright exiting the car. Young informed Seals that she did not know where Wright was, and then called the police pursuant to company policy for handling such situations. Wright was eventually arrested by the police and charged with battery of an officer, flight from an officer, and resisting arrest. Plaintiffs brought this action against Superior Options with claims of failure to exercise due process, cruel and unusual punishment, and false arrest under 42 U.S.C. § 1983. Plaintiffs also asserted state law claims, including negligence, misrepresentation, and intentional infliction of emotional distress.

Plaintiffs appeal from the district court's grant of Defendants' Rule 12(b)(6) motion to dismiss, and denial of Plaintiffs' motion for summary judgment as moot.

## II. DISCUSSION

We review a dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing facts in the light most favorable to Plaintiffs. *Sullo & Bobbitt, P.L.L.C. v. Milner*, 765 F.3d 388, 391 (5th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. § 1983 Claims

To state a claim under § 1983, Plaintiffs must allege that (1) they were deprived of a right secured by the Constitution and laws of the United States, and (2) that the Defendants deprived them of this right acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

No. 15-30106

Regarding the second element, Plaintiffs seem to argue that Superior Options acted under color of state because it was "licensed by the state," "act[ed] under the auspices of state supported agencies," and was "reimbursed with federal funds" (i.e., Medicaid and Medicare). However, this court has held that a hospital "is not a state actor, and cannot be considered as such solely because it receives medicare and medicaid funds and is subject to state regulation." *Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993). We agree with the district court that Plaintiffs "make[] no allegation of any nexus between state funding and the incident at issue in this case" and that "it is unlikely that Plaintiffs can allege such given the nature of their complaints."

Moreover, even if Defendants were state actors, Plaintiffs' claims are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87 (footnote omitted). Such developments have not occurred in the instant case. Thus, the district court properly dismissed Plaintiffs' § 1983 claims.

### B. State Law Claims

Having dismissed Plaintiffs' § 1983 claims, the district court "decline[d] to exercise subject matter jurisdiction" over Plaintiffs' state law claims and dismissed those claims without prejudice. Because we conclude that Plaintiffs' § 1983 claims were properly dismissed, we also conclude that the district court did not abuse its discretion in dismissing the state law claims. *See Parker &*

*Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

### C. ADA Claim

We recognize that Plaintiffs checked off the box for the ADA in the civil cover sheet form filed with the complaint, and that they made a general argument in their motion for summary judgment that "[t]he gross, negligent, wanton[] actions, as set forth in the . . . petition is a clear violation of the Plaintiffs['] legal rights and the . . . A.D.A." We also recognize that they have mentioned the ADA—specifically, Title II—in their brief to this court. However, Plaintiffs have not presented any specific pleadings that explain *how* their ADA rights have been violated, and thus have failed "to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted).

### III. CONCLUSION

Having reviewed the pleadings, district court order, and arguments brought on appeal, we AFFIRM.

4