# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30594
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

AMANDA BALL, individually and, on behalf of K. G., on behalf of M. B., on behalf of A. B.,

> Plaintiff - Appellant

v.

ST. MARY RESIDENTIAL TRAINING SCHOOL; SCHOOL BOARD RAPIDES PARISH; KAREN COOR, in her official capacity; LESLIE DRAPER, in her official capacity; ANITA MOORE, in her official capacity; HEATHER NIDA, in her official capacity; STEPHANIE WARDEN, in her official capacity; SOMONA ALLEN, in her official capacity; CHRISTI GUILLIOT, in her official capacity; MAVIS CHAMPAGNE, in her official capacity; TONY VETS, in his/her official capacity,

> Defendants - Appellees

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-2855

---

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30594

Amanda Ball appeals the district court's grant of summary judgment in favor of St. Mary's Residential Training School and Rapides Parish School Board, and the resulting dismissal of her claims. The district court's grant of summary judgment is AFFIRMED.

## I

At issue in this lawsuit are a special care facility's and a special needs school's treatment of a minor, K.G., who suffers from severe autism, self-injurious behaviors, and other related physical and mental impairments. Amanda Ball filed this lawsuit on behalf of K.G., her child,[1] against St. Mary's Training School and some of its employees, in their official capacity, and against Rapides Parish School Board ("RPSB"). Ms. Ball contended that St. Mary's and Rapides Training Academy ("RTA"), operated by the RPSB, neglected to properly care for K.G. while in its care because his self-injurious behaviors did not improve. The district court thoroughly addressed the intricate facts of this case, which will not be repeated for the sake of brevity.

The district court granted the St. Mary's defendants' motion for summary judgment as to the individually named employees because the corporation-employer is liable for its employees' conduct. *See Sims v. Jefferson Downs Racing Assn., Inc.*, 778 F.2d 1068, 1081 (5th Cir. 1985). The district court also granted summary judgment in favor of St. Mary's on Ms. Ball's 42 U.S.C. § 1983 claims because St. Mary's was not a state actor as required by the statute. Although the district court found Ms. Ball's general allegations that K.G. was abused and/or neglected were not prescribed, it ultimately determined that these tort claims lacked a factual basis and granted summary judgment in favor of the defendants on those claims. Ms. Ball's "*LeJeune*" loss

---

[1] Ms. Ball also brings this lawsuit on behalf of her other two children.

of consortium claims on behalf of herself and K.G.'s two minor siblings were similarly dismissed for failure to present evidence that K.G.'s behavioral problems differed from those experienced before his admission to St. Mary's. Next, the district court dismissed Ms. Ball's breach of contract claim against St. Mary's because she failed to allege the exact contract terms or provisions St. Mary's violated. She also failed to present evidence that if St. Mary's implemented certain behavioral support plans, then K.G.'s maladaptive self-injurious behaviors would have changed. The district court dismissed any potential fraud claim because the complaint failed to allege with particularity any facts to establish the claim. Finally, the district court granted summary judgment in favor of RPSB as to Ms. Ball's claim for its failure to report K.G.'s alleged abuse or neglect before she requested that the school submit a complaint. The district court reasoned that this claim must fail because Ms. Ball not only failed to present evidence that RPSB failed to report child abuse or neglect, but her other claims upon which this relied also failed.

## II

This court reviews a district court's grant of summary judgment de novo, reviewing "all facts and evidence in the light most favorable to the non-moving party." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014) (internal quotations omitted).

## III

Ms. Ball raises seven issues on appeal. Each is addressed in turn.

No. 17-30594

A. *Color of Law*

St. Mary's is a private corporation under the control of the Diocese of Alexandria, Louisiana. Ms. Ball's only evidence to the contrary related to St. Mary's receipt of medicaid funds. Yet, the fact that St. Mary's receives medicaid funds does not make St. Mary's a state-controlled facility. *See Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993) ("Ochsner is not a state actor and cannot be considered as such solely because it receives medicare and medicaid funds and is subject to state regulation."). Accordingly, Ms. Ball's claim under 42 U.S.C. § 1983 was properly dismissed. *See id.*

B. *Legal Standard for State Tort Claims*

Ms. Ball contends that the district court erred in its application of the "reasonable care" standard for the state tort claims against St. Mary's. Ms. Ball asserts that the district court instead should have held St. Mary's to the "highest degree of care toward the children left in their custody." *Wade v. Mini World Daycare*, 46,238, p. 4 (La. App. 2 Cir. 3/13/11); 63 So. 3d 1045, 1047. Ms. Ball fails to recognize the language immediately following, which provides that temporary custodians "are not insurers of the children's safety" and recognizes that the duty "does not require individual supervision of each child at all times and places." *Id.* Although a temporary custodian owes "a duty to the children in its care, . . . th[e] duty is not without limitations." *Id.* Ms. Ball fails to present the necessary evidence to establish that the district court erred in applying a "reasonable care" standard to the tort claims against St. Mary's. Moreover, she also failed to present evidence that St. Mary's breached *any* duty of care. Accordingly, the district court did not err in applying the "reasonable care" standard to dismiss Ms. Ball's tort claims against St. Mary's.

No. 17-30594

*C. Reliance on Dr. Emrick's Testimony*

Ms. Ball seeks to overturn the district court's reliance on Dr. Emrick, whom it qualified as an expert under Federal Rule of Evidence 702. The district court properly relied on Dr. Emrick's deposition because her professional training centers on the special medical needs K.G. experiences (autism). But, even if we were to find that Dr. Emrick should not have qualified as an expert under Federal Rule of Evidence 702, there would be no basis to overturn the district court's decision because its opinion does not hinge on Dr. Emrick's deposition.

*D. Evidence to Establish Negligence*

Ms. Ball alleged that St. Mary's was negligent in its care for K.G. because he suffered from continual self-injurious behavioral issues. She focused in particular on the school's decision not to conduct a behavioral intervention plan ("BIP"). Ms. Ball relied on all of K.G.'s past schools having formulated a BIP for K.G. as evidence that St. Mary's was negligent in failing to do so. She also relied on both her expert and St. Mary's expert recommending such examination.

This assertion must fail. As a preliminary matter, although Dr. Emrick testified that if it had been up to her, *she* would have completed a BIP, she recognized that not all professionals agree and St. Mary's was not negligent in forgoing the BIP. Even though the previous schools completed these assessments, all of the previous BIPs failed to stop or prevent K.G.'s self-injurious behavior. There is no reason to believe that St. Mary's completing a BIP would have produced any different results. Moreover, as the district court found, Ms. Ball presented no evidence that anyone at St. Mary's sexually, physically, or emotionally abused K.G. or neglected him. K.G.'s issues of eczema, constipation, self-harm, consumption of yarn, and staph infections

existed before he began treatment at St. Mary's. It is simply disingenuous for Ms. Ball to contend that St. Mary's necessarily must have been negligent and abused and neglected K.G. because these same issues persisted during his time under St. Mary's care. Accordingly, the district court did not err in dismissing Ms. Ball's negligence claims against St. Mary's.

### E. LeJeune Damages

Ms. Ball also filed a claim for loss of consortium and mental suffering damages on behalf of her and her other two children under *Lejeune v. Rayne Branch Hospital*, 556 So. 2d 559 (La. 1990). The claimant must submit evidence that "[t]he distress suffered [was] such that no reasonable person could be expected to endure it." *White v. Monsanto Co.*, 585 So. 2d 1205, 1210 (La. 1991). Importantly, "[l]iability arises only where the mental suffering or anguish is extreme." *Id.* (citing *Lejeune*, 556 So. 2d at 570). The only evidence Ms. Ball provided pertained to K.G.'s injuries, such as photographs. The district court correctly concluded that Ms. Ball submitted no summary judgment evidence for her loss of consortium damages. The photographs submitted in support necessarily cannot establish *Ms. Ball*'s mental state; at most, the photographs indicate K.G. suffered physical ailments. These are not evidence of Ms. Ball's or her other children's trauma. Accordingly, the district court properly dismissed the *Lejeune* damages claim.

### F. St. Mary's Failure to Produce Behavioral Assessments

For the reasons described *supra* III.D., the district court did not err in granting summary judgment in favor of St. Mary's as to its decision not to conduct a functional behavioral assessment ("FBA") or a BIP. Furthermore, the district court appropriately granted summary judgment as to Ms. Ball's breach of contract claims against St. Mary's. The record supports the district court's holding because Ms. Ball failed to assert the specific contract provisions

that St. Mary's breached or to assert that any contract provision required St. Mary's to perform an FBA or a BIP.

*G. RTA's Failure to Report Abuse or Neglect*

Ms. Ball also sued RPSB for failure to report St. Mary's alleged neglect and abuse of K.G. She contended that if RPSB had reported the physical issues Ms. Ball noticed on K.G.'s body, K.G. would not have suffered as much neglect or abuse. The district court appropriately found that Ms. Ball failed to submit summary judgment evidence to create a genuine issue of material fact that RPSB, through RTA, failed to report child abuse or neglect. To the contrary, RPSB's evidence indicated that it was not the practice of the school to do a full-body check of the students each day. RPSB would not have been aware of bruises that were covered by K.G.'s clothing. Importantly, RPSB did keep in constant contact with St. Mary's to establish continuity of care; for example, when the school nurse was concerned about an eczema flare-up on K.G., the nurse contacted St. Mary's. The RPSB employees failed to report observed bruising when it was trivial or ordinary, such as when the school nurse had to change K.G.'s clothing one day at school and noticed bruises on his body. The nurse testified that the bruises were not large enough to be alarming, so she did not see the need to address it. Conversely, Ms. Ball failed to submit evidence in response that created a genuine issue of material fact as to whether RPSB was negligent in failing to report any alleged abuse or neglect.[2] The district court properly granted summary judgment in favor of RPSB on these claims.

---

[2] Importantly, the evidence indicated that RPSB only reported St. Mary's alleged abuse and neglect on October 3, 2013, in response to Ms. Ball's complaints to RTA. It was RTA's practice to submit a complaint upon the request of a parent. Ms. Ball did not establish negligence on behalf of RPSB because the school only reported it out of a policy mandate, not because it observed evidence that St. Mary's abused or neglected K.G.

No. 17-30594

**IV**

Accordingly, the district court's grant of summary judgment is AFFIRMED.